**HUESTON HENNIGAN LLP**
John C. Hueston, State Bar No. 164921
*jhueston@hueston.com*
Joe A. Reiter, State Bar No. 294976
*jreiter@hueston.com*
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:   (213) 788-4340
Facsimile:    (888) 775-0898

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURO BOTTA, | Case No. 3:18-CV-2615-RS |
| Plaintiff, | **DEFENDANT PRICEWATERHOUSECOOPERS LLP'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| PRICEWATERHOUSECOOPERS LLP, LAURA BUSTAMANTE, TYE THORSON, ROBERT HEATLEY, STIG HAAVARDTUN, ERGUN GENC, TIMOTHY CAREY, and STEVE MCCANN, | Judge:            Hon. Richard Seeborg<br>Hearing Date:  August 30, 2018<br>Time:             1:30 p.m. |
| Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 30, 2018 at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Richard Seeborg, United States District Court Judge, in Courtroom 3 of the United States District Court, Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant PricewaterhouseCoopers LLP ("PwC") will and hereby does move this Court for entry of an Order dismissing with prejudice the fourth cause of action for defamation and fifth cause of action for breach of contract in the Complaint filed by Plaintiff Mauro Botta ("Plaintiff").

This motion to dismiss is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that (1) Plaintiff's defamation claim fails as a matter of law because PwC's purportedly defamatory statements to Plaintiff's current employer are protected by the common interest privilege, and (2) Plaintiff's breach of contract claim fails as a matter of law because PwC had the absolute contractual right to terminate Plaintiff's employment at any time and for any reason.

This motion to dismiss is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Individual Defendants' concurrently filed Motion to Dismiss and Memorandum of Points and Authorities, Defendants' concurrently filed Joint Request for Judicial Notice and supporting exhibits, all papers and records on file herein, and such other matters as may be presented to the Court at or before the hearing on this Motion.

Dated:  July 23, 2018                         Respectfully submitted,

HUESTON HENNIGAN LLP


By:  /s/ John Hueston
       John C. Hueston
       Attorneys for Defendants

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ............................................................... 1

II.   FACTUAL BACKGROUND .................................................. 2

III.  LEGAL STANDARD ........................................................... 4

IV.   ARGUMENT ...................................................................... 4

    A.    The Common Interest Privilege Bars Plaintiff's Defamation
       Claim ........................................................................... 4

         1.   The Common Interest Privilege Covers PwC's
             Alleged Statement to Plaintiff's Employer ................. 5

         2.   Plaintiff Cannot Plead Actual Malice .......................... 6

         3.   Plaintiff's Allegations "Upon Information and
             Belief" Demonstrate that He Cannot Satisfy His
             Burden ........................................................................ 8

    B.    Plaintiff's At-Will Employment Agreement Precludes his
       Breach of Contract Claim ............................................. 10

V.    CONCLUSION ................................................................... 11

1

## TABLE OF AUTHORITIES

2

Page(s)

3

### **Cases**

4

*Albrecht v. Lund,*
    845 F.2d 193 (9th Cir. 1988)...................................................................... 4

5

*Andersen v. Maines Food & Paper Serv., Inc.,*
    156 A.D.3d 990 (N.Y. App. Div. 2017)........................................................ 10

6

7

*Atienza v. Wells Fargo Bank, N.A.,*
    2011 WL 839400 (N.D. Cal. Mar. 7, 2011)................................................ 9, 11

8

*Balistreri v. Pacifica Police Dep't,*
    901 F.2d 696 (9th Cir. 1988)...................................................................... 4

9

10

*Bartenbach v. Bd. of Trustees of Nassau Library Sys.,*
    239 A.D.2d 372 (N.Y. App. Div. 1997)..................................................... 2, 10

11

*Cleffi v. Crescent Beach Club,*
    1994 WL 681053 (N.Y. Sup. Ct. Aug. 24, 1994) ......................................... 11

12

13

*Cuenca v. Safeway San Fran. Empl. Fed. Credit Union,*
    180 Cal. 14 App. 3d 985 (1986) ............................................................ 1, 5, 6

14

*Delphix Corp. v. Actifo, Inc.,*
    2014 WL 4628490 (N.D. Cal. Mar. 19, 2014)............................................ 2, 8

15

16

*Jacques v. Bank of Am. Corp.,*
    2012 WL 2317649 (E.D. Cal. June 18, 2012).............................................. 5

17

*Jensen v. Hewlett-Packard Co.,*
    14 Cal. App. 4th 958 (1993).......................................................................... 4

18

19

*Kacludis v. GTE Spring Commc'ns. Corp.,*
    806 F.Supp. 866 (N.D. Cal. 1992).................................................................. 7

20

*Keiser v. Lake Cty. Superior Court,*
    2005 WL 3370006 (N.D. Cal. Dec. 12, 2005) .......................................... 4, 9

21

22

*King v. United Parcel Serv., Inc.,*
    152 Cal. App. 4th 426 (2007)...................................................................... 6

23

*McKinney v. Wal-Mart Stores, Inc.,*
    2016 WL 7391511 (C.D. Cal. Dec. 21, 2016) ............................................. 7

24

*Northstar Fin. Advisors, Inc. v. Schwab Investments,*
    781 F. Supp. 2d 926 (N.D. Cal. 2011) ........................................................ 10

25

26

*Quick Korner Mkt. v. U.S. Dep't of Agric., Food & Nutrition Serv.,*
    180 F. Supp. 3d 683 (S.D. Cal. 2016) .......................................................... 4

27

28

1

## TABLE OF AUTHORITIES (cont.)

2

Page(s)

3

*Robomatic, Inc. v. Vetco Offshore,*
    225 Cal. App. 3d 270 (1990) ........................................................................ 6, 7

4

*Roland-Warren v. Sunrise Senior Living, Inc.,*
    2009 WL 2406356 (S.D. Cal. Aug. 4, 2009) ................................................ 9

5

6

*Sutter Health v. Unite Here,*
    186 Cal. App. 4th 1193 (2010) .................................................................... 1, 6

7

*Taus v. Loftus,*
    40 Cal. 4th 683 (2007) ................................................................................ 4

8

9

*Toth v. Guardian Indus. Corp.,*
    2012 WL 468244 (E.D. Cal. Feb. 13, 2012) ................................................ 8

10

*Vespa v. Singler-Ernster Inc.,*
    2017 WL 1246863 (N.D. Cal. Apr. 5, 2017) ................................................ 8

11

12

*Williams v. Salvation Army,*
    2015 WL 685356 (C.D. Cal. Feb. 18, 2015) ................................................ 5

13

**Statutes**

14

15 U.S.C. § 7262 ................................................................................................ 2

15

Cal. Civil Code § 47(c) ...................................................................................... 1, 5

16

Cal. Code Civ. P. § 340(c) ................................................................................ 4

17

**Rules**

18

Fed. R. Civ. P. 12(b)(6) .................................................................................... 4

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This is a straightforward case.  As was its right, PricewaterhouseCoopers LLP ("PwC") decided to terminate the *at-will* employment of Plaintiff Mauro Botta and dozens of other senior managers as part of a reduction in force.  Shortly thereafter, PwC accelerated Plaintiff's termination after obtaining information that undermined the reliability and integrity of his work product.  Presumably angry and/or embarrassed by these events, Plaintiff retaliated by filing this lawsuit against PwC and seven of his former colleagues, alleging primarily whistleblower and retaliation claims under federal and California law.  Although all of Plaintiff's inflammatory allegations lack merit, this motion seeks to dismiss two particularly frivolous claims that fail as a matter of law:  Claim 4 for defamation and Claim 5 for breach of contract.

Plaintiff's defamation claim alleges that an unidentified PwC employee purportedly told Plaintiff's current employer that Plaintiff is "incompetent."  (Compl. ¶¶ 80, 106.)   Setting aside Plaintiff's failure to satisfy basic pleading standards, California's common interest privilege protects communications about an employee's performance to others who have a common interest in the subject matter.  Cal. Civil Code § 47(c).  Here, Plaintiff acknowledges that PwC and Plaintiff's current employer had a common interest.  The two companies were working together on an audit for a mutual client, and PwC's express reason for commenting on Plaintiff's performance was its concern that it "could not sign off on any work" by him.  (Compl. ¶ 80); *see also Cuenca v. Safeway San Fran. Empl. Fed. Credit Union*, 180 Cal. 14 App. 3d 985, 997 (1986) ("Communications made in a commercial setting relating to the conduct of an employee have been held to fall squarely within the qualified privilege for communications to interested persons.").

The only way Plaintiff can overcome the privilege is by pleading specific, detailed facts to show that the statement was made with actual malice—*i.e.* that Defendants had a "high degree of awareness of [the statement's] probable falsity."

*Sutter Health v. Unite Here*, 186 Cal. App. 4th 1193, 1210–11 (2010).  Plaintiff does not—and cannot—meet this demanding burden.    Indeed, Plaintiff's defamation allegations are made "[u]pon information and belief," creating a strong inference that Plaintiff has no facts to support them.  *See Delphix Corp. v. Actifo, Inc.*, 2014 WL 4628490, at \*2 (N.D. Cal. Mar. 19, 2014) (Seeborg, J.) ("Where, as here, some of the allegations are qualified with the phrase ["on information and belief"] and others are not, a reasonable inference arises that . . . plaintiff likely lacks knowledge of underlying facts to support the assertion, and is instead engaging in speculation to an undue degree.").

Plaintiff's breach of contract likewise fails.  The claim is premised on an allegation that PwC breached Plaintiff's employment contract ("Employment Agreement") by terminating his employment.  As the Employment Agreement itself makes clear, however, Plaintiff was employed "at will" and PwC therefore had the express right to terminate him "for any reason or no reason, at any time."  (Joint Request for Judicial Notice ("RJN"), Ex. A.)  Under New York law, which governs the Employment Agreement, Plaintiff cannot maintain a breach of contract claim under these circumstances.  *See Bartenbach v. Bd. of Trustees of Nassau Library Sys.*, 239 A.D.2d 372, 373 (N.Y. App. Div. 1997) ("[T]he plaintiff's employment could have been terminated at will and accordingly her complaint sounding in breach of contract . . . was properly dismissed.").

## II.    FACTUAL BACKGROUND

PwC is one of the most respected public accounting firms in the world.  One of the many services PwC provides is performing audits of financial statements and internal control over financial reporting of public companies.  Many of those requirements are contained in the Sarbanes-Oxley Act ("SOX"), which requires companies to retain external certified public accountants, such as PwC, to assess the effectiveness of their "internal control structure and procedures for financial reporting."  15 U.S.C. § 7262(a)–(b).

Plaintiff was one of many auditors working for PwC in its San Jose office. (Compl. ¶¶ 14–15.)  In 2017, PwC decided to terminate Plaintiff's at-will employment, and dozens of other senior managers, as part of a reduction in force.  (*See id.* ¶ 73). Shortly thereafter, PwC accelerated Plaintiff's termination after obtaining information that undermined the reliability and integrity of his work product. (*See id.* ¶ 75.)  Given the strict requirements of SOX, other securities laws, and professional auditing standards, PwC's obligation to maintain the integrity and accuracy of its audits required it to end Plaintiff's employment.

In response, Plaintiff brought this action against PwC and seven of his former colleagues and supervisors (the "Individual Defendants").[1]  The Complaint primarily alleges that Defendants fired Plaintiff in retaliation for his complaints about purported issues with PwC's audits of two companies.  (*Id.* ¶¶ 28–58.)  Plaintiff reported those issues to both the Securities Exchange Commission (*id.* ¶¶ 66–69) and the United States Occupational Safety and Health Administration (RJN, Ex. B.), but neither agency has brought any enforcement action or issued any adverse findings against any Defendant.  Despite the government's inaction, Plaintiff has pressed forward in this Court, asserting violations of whistleblower and retaliation provisions of SOX and California law.  (Compl. ¶¶ 90–102, 111–14.)

At the appropriate time, PwC will demonstrate that Plaintiff's whistleblower and retaliation allegations are legally and factually meritless.  At the pleading stage, however, PwC seeks to dismiss only two peripheral claims that fail as a matter of law: Claim 4 for defamation and Claim 5 for breach of contract.  (*Id.* ¶¶ 103–10.)  The defamation claim rests on barebones allegations that Defendant Steven McCann—a PwC partner—found Plaintiff to be "incompetent," and that some unidentified Defendant communicated this finding to Plaintiff's current employer during an audit of a mutual client.  (*Id.* ¶¶ 80–82.)  The breach of contract claim is based on even fewer

---

[1] This Motion is brought on behalf of PwC.  The Individual Defendants have filed a separate motion to dismiss all claims against them.

1  allegations, which assert that PwC violated its Employment Agreement with Plaintiff

2  by terminating him.  (*Id.* ¶ 109.)  As explained further below, the Court should dismiss

3  both claims without leave to amend.

4  **III.   LEGAL STANDARD**

5       Dismissal is required pursuant to Federal Rule of Civil Procedure 12(b)(6)

6  where a complaint lacks a "cognizable legal theory," or where it fails to provide

7  "sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police*

8  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  A cause of action should be denied without

9  leave to amend if "the allegation of other facts consistent with the challenged pleading

10  could not possibly cure the deficiency."  *Quick Korner Mkt. v. U.S. Dep't of Agric.,*

11  *Food & Nutrition Serv.*, 180 F. Supp. 3d 683, 696 (S.D. Cal. 2016) (quoting *Albrecht*

12  *v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

13  **IV.   ARGUMENT**

14       **A.   The Common Interest Privilege Bars Plaintiff's Defamation Claim**

15       Plaintiff's defamation claim appears to be grounded in PwC's purported

16  "accusations that Plaintiff was an incompetent auditor."[2]  (Compl. ¶ 106.)  Without

17  identifying any specific defamatory statements,[3] Plaintiff alleges, "[u]pon information

18

19  ─────────────────────

20  [2] Due to the vague and conclusory nature of Plaintiff's allegations, it is difficult, if not impossible, to identify the precise defamatory statements at issue.  To the extent Plaintiff contends that his defamation claim is also grounded in statements made in (1)

21  an internal inspection form dated April 2013 (Compl. ¶¶ 20–21); (2) a "feedback survey" dated May 2014 (*id.* ¶ 27); or (3) a performance evaluation dated April 21,

22  2016, the claim falls far outside the one-year statute of limitations for defamation in California.   Cal. Code Civ. P. § 340(c).   Moreover, any claim based on these

23  documents would fail for two additional reasons: (1) Plaintiff does not and cannot allege that any of the above documents were published to third-parties; *see Taus v.*

24  *Loftus*, 40 Cal. 4th 683, 720 (2007); and (2) California law is clear that, except in limited circumstances not present here, employment evaluations and feedback

25  constitute non-actionable opinion, *see Jensen v. Hewlett-Packard Co.*, 14 Cal. App. 4th 958, 965 (1993).

26  [3] For this reason, Plaintiff's Complaint violates basic pleading standards. *See*, *e.g.*,

27  *Keiser v. Lake Cty. Superior Court*, 2005 WL 3370006, at *14 (N.D. Cal. Dec. 12, 2005) (defamation claim must allege the substance of the allegedly defamatory

28  statement, who said it, when it was made, the form if the statements, and to whom it was published).

and belief," that Defendant Steve McCann "found" Plaintiff to be incompetent, and that an unidentified "Defendant" reported that finding to Plaintiff's current employer. (*Id.* ¶¶ 81–82.)  Although the Complaint does not provide any additional information about the purported accusations, Plaintiff acknowledges that the statements were made while PwC and Plaintiff's current employer were working together on the same audit. (*Id.* ¶ 80.)

These allegations cannot support a defamation claim as a matter of law because any statements PwC made to Plaintiff's current employer are protected by California's common interest privilege.  Not only does Plaintiff fail to allege facts to overcome that privilege, his assertions "upon information and belief" make clear that no such facts exist.

> 1.  <u>The Common Interest Privilege Covers PwC's Alleged Statement to Plaintiff's Employer</u>

"California courts strongly disfavor libel suits based upon communications [concerning an employee's job performance]." *Williams v. Salvation Army*, 2015 WL 685356, at *3 (C.D. Cal. Feb. 18, 2015).  Recognizing the need to shield employers from costly defamation suits based on performance reviews, California has enacted what is known as the "common interest" privilege.  Cal. Civil Code § 47(c).  The privilege broadly protects statements made "to a person interested therein . . . by one who is also interested," and extends to communications concerning the job performance or qualifications of an employee. *Id.*

The privilege squarely covers the statement PwC allegedly made to Plaintiff's employer.  Because PwC and Plaintiff's employer were working on an audit for a mutual client, communications about Plaintiff's competence would fall within PwC and Plaintiff's employer's "common interest." *See Cuenca v. Safeway San Fran. Empl. Fed. Credit Union*, 180 Cal. 14 App. 3d 985, 997 (1986) ("Communications made in a commercial setting relating to the conduct of an employee have been held to fall squarely within the qualified privilege for communications to interested

persons."); *Jacques v. Bank of Am. Corp.*, 2012 WL 2317649, at *3 (E.D. Cal. June 18, 2012) (dismissing defamation claim based on former employer's statements to a current employer).[4]

Indeed, the common interest in this case is even greater than in a typical employment action.  As Plaintiff admits, PwC's express motivation for discussing Plaintiff's performance with his current employer was PwC's concern that it "could not sign off on any work" by Plaintiff during the audit. (Compl. ¶ 80.)  PwC's concern was well founded; as an independent auditor, it had an obligation to perform its work in accordance with the auditing standards promulgated by the Public Accounting Oversight Board.  *See, e.g.,* PCAOB Auditing Standard 2201.18 (Nov. 15, 2007) (requiring auditors to "assess the competence and objectivity of the persons whose work the auditor plans to use" and prohibit using "the work of persons who have a low degree of objectivity").[5]   If the common interest privilege did not protect PwC's statements about Plaintiff's competency on which PwC planned to rely in order to issue its opinion, PwC would be deterred from bringing up such issues due to the fear of future defamation suits—a result directly contrary to the core purpose of both the common interest privilege and federal laws like Sarbanes Oxley.

### 2.   Plaintiff Cannot Plead Actual Malice

The only way Plaintiff can overcome the privilege is to allege, and later prove, that PwC acted with "actual malice or malice in fact, that is, a state of mind arising from hatred or ill will, evidencing a willingness to vex, annoy or injure another person." *Cuenca*, 180 Cal. App. 3d at 997.  This burden is demanding.  "[G]ross or even extreme negligence" does not suffice, and "a failure to conduct a thorough and objective investigation, standing alone, does not [show] actual malice." *Sutter Health*

---

[4] *See also King v. United Parcel Serv., Inc.*, 152 Cal. App. 4th 426, 440 (2007) ("[B]ecause an employer and its employees have a common interest in protecting the workplace from abuse, an employer's statements to employees regarding the reasons for termination of another employee generally are privileged.").

[5] *Available at* https://pcaobus.org/Standards/Auditing/Pages/AS2201.aspx.

1    *v. Unite Here*, 186 Cal. App. 4th 1193, 1211 (2010).  Instead, Plaintiff must establish

2    that Defendants had a "high degree of awareness of [the statement's] probable falsity."

3    *Id.* at 1210–11.  He must do so by pleading "detailed facts."  *Robomatic, Inc. v. Vetco*

4    *Offshore*, 225 Cal. App. 3d 270, 276 (1990).

5           Plaintiff does not allege any facts, let alone detailed facts, to show that PwC

6    acted with actual malice.  To the contrary, Plaintiff alleges that PwC's express reason

7    for making the allegedly defamatory statement was its concern that it could not "sign

8    off on any work" by Plaintiff.  (Compl. ¶ 80.)  That allegation does not show actual

9    malice; it instead reflects a good faith attempt by a responsible auditor to comply with

10   its professional obligations.

11          The only other "fact" Plaintiff alleges—and one that he pleads "[u]pon

12   information and belief"—is that Mr. McCann "found" Plaintiff to be incompetent

13   despite not having worked with him.  (Compl. ¶ 81.)  Not only does Plaintiff fail to

14   provide any details showing that McCann knew or suspected that his purported

15   "finding" of incompetency was false, he does not even claim that Mr. McCann was

16   the person who communicated the finding to Plaintiff's current employer.  (*Id.* ¶¶ 80–

17   81.)   The Complaint fails to demonstrate that ***any*** Defendant—much less the

18   unidentified Defendant who purportedly made the defamatory statement—acted with

19   the purpose to harm Plaintiff's reputation by lying about his competence.  *Robomatic*,

20   Cal. App. 3d at 276.

21          Courts routinely dismiss defamation claims even where the plaintiff has made

22   much more detailed allegations of actual malice than those made in the Complaint.

23   *See, e.g.*, *McKinney v. Wal-Mart Stores, Inc.*, 2016 WL 7391511, at *5 (C.D. Cal. Dec.

24   21, 2016) (dismissing a defamation claim alleging that the employer made the

25   defamatory statements "for the improper purpose of retaliating against Plaintiff"; that

26   the statements "were negligently, recklessly, and intentionally published in a manner

27   equaling malice . . . [and] were made with hatred, ill will, and intent to retaliate"; and

28   that the defendants "published these statements knowing them to be false [and]

1   unsubstantiated by any reasonable investigation"); *Kacludis v. GTE Spring Commc'ns.*

2   *Corp.*, 806 F. Supp. 866, 872 (N.D. Cal. 1992) ("Mere allegations that the statements

3   were made 'with malice' or 'with no reason to believe the statements were true' are

4   insufficient to rebut the presumption of privilege."). This Court should do the same

5   here.

3.   Plaintiff's Allegations "Upon Information and Belief"
     Demonstrate that He Cannot Satisfy His Burden

8       Plaintiff's failure to plead actual malice is alone sufficient to dismiss the

9   defamation claim at this early stage. But the deficiencies in Plaintiff's claim are more

10  fundamental than a mere lack of particular allegations. Of the 114 paragraphs in the

11  Complaint, only three are pled "[u]pon information and belief." (Compl. ¶¶ 81–83.)

12  Coincidentally, those three paragraphs comprise the core of Plaintiff's defamation

13  claim, including the central allegations that Mr. McCann found Plaintiff to be

14  incompetent and that "other Defendant managers and partners . . . black-list[ed]

15  Plaintiff in the industry." (*Id.* ¶¶ 81–82.) Plaintiff's decision to plead these allegations

16  on "information and belief," but not others, creates a strong inference that Plaintiff has

17  no facts to support his claim. As this Court has repeatedly held:

> Where, as here, some of the allegations are qualified with the phrase ["on information and belief"] and others are not, a reasonable inference arises that it is intended as caveat, to provide additional protection should plaintiff be unable to prove any of the factual allegations. It thus creates a further inference that plaintiff likely lacks knowledge of underlying facts to support the assertion, and is instead engaging in speculation to an undue degree.

22  *Delphix Corp. v. Actifo, Inc.*, No. C 13-4613 RS, 2014 WL 4628490, at *2 (N.D. Cal.

23  Mar. 19, 2014) (Seeborg, J.); *see also Vespa v. Singler-Ernster Inc.*, No. 16-CV-

24  03723-RS, 2017 WL 1246863, at *1 (N.D. Cal. Apr. 5, 2017) (Seeborg, J.) ("While

25  use of the phrase therefore can often be dismissed as mere surplusage, in some

26  circumstances it gives rise to an inference that the pleader lacks knowledge of

27  underlying facts to support the allegations made, and is instead engaging in speculation

28  to an undue degree.").

The negative inference arising from Plaintiff's pleading tactic is particularly strong given his failure not only to allege actual malice but also to meet the most basic federal pleading requirements.  For one thing, Plaintiff does not specifically identify any defamatory statements, instead claiming in a conclusory fashion that an unidentified Defendant called him incompetent.  *See Toth v. Guardian Indus. Corp.*, No. 1:12CV0001 LJO DLB, 2012 WL 468244, at *4 (E.D. Cal. Feb. 13, 2012) (dismissing a defamation claim based on allegation that the defendant told "potential employers, expressly or by implication, that Plaintiff was incompetent at her job, engaged in reprehensible conduct, and lacked cooperation" because the allegation was too conclusory).  Equally as important, Plaintiff does not identify the particular Defendant who communicated the purportedly defamatory statements, or the particular recipient of that communication.  *See Roland-Warren v. Sunrise Senior Living, Inc.*, No. 09 CV 1199 JM (WMC), 2009 WL 2406356, at *8 (S.D. Cal. Aug. 4, 2009) ("In the present case, Plaintiff merely alleges the defendants made statements suggesting she was 'incompetent, untrustworthy, and unfit for a management position' . . . .  Plaintiff does not identify the time, place, particular speakers, or recipients of these statements, nor does she mention their substance or context. . . . . The assertions fail to put Defendants on notice of the factual underpinnings of Plaintiff's claim.").  What's worse, Plaintiff asserts indiscriminately and without any facts that "Defendant managers and partners . . . continue to black-list Plaintiff in the industry."  (Compl. ¶ 82.); *see Keiser*, 2005 WL 3370006, at *14 (dismissing a similar defamation claim because the complaint did not specify who and under what circumstances called the plaintiff-employee a poor performer).

All of these pleading deficiencies provide additional, independent grounds for dismissing Plaintiff's defamation claim.  Combined with Plaintiff's allegations "[u]pon information and belief," the deficiencies leave little doubt that Plaintiff has no facts to support his claim.  Accordingly, PwC respectfully requests the dismissal of Plaintiff's defamation claim without leave to amend.  *See Atienza v. Wells Fargo Bank*,

1  *N.A.*, No. C 10-03457 RS, 2011 WL 839400, at *1 (N.D. Cal. Mar. 7, 2011) (Seeborg,

2  J.) ("While leave to amend is generally granted liberally, if amendment would be futile,

3  then dismissal without leave to amend is within the court's discretion.").

4       **B.**    **Plaintiff's At-Will Employment Agreement Precludes his Breach of**

5           **Contract Claim**

6       Plaintiff's claim for breach of contract rests on even fewer allegations than his

7  claim for defamation.  (*See* Compl. ¶¶ 107–10.)  In conclusory fashion, Plaintiff asserts

8  that PwC breached his Employment Agreement by "terminating Plaintiff by means

9  that violated the parties' contract." (*Id.* ¶ 109.)  This claim also fails as a matter of law

10  because Plaintiff had no contractual right to continue working for PwC.

11       The Employment Agreement makes clear that Plaintiff was employed "at will,"

12  subject to termination for any reason.  The Agreement provides:

13       This Employment Agreement does not constitute, and may not be
     construed as, a commitment to employment for any specific duration.

14       Your employment with the Firm will continue to be at-will, which means
     that you may leave the Firm, or the Firm may require that you leave its

15       employ, for any reason, at any time.

16  (RJN, Ex. A at 2.)[6]  The Employment Agreement further states that it is governed by

17  New York law.  (*Id.* at 6.)

18       It is axiomatic that "at-will" employees like Plaintiff cannot bring claims for

19  breach of contract based on the termination of their employment.  Courts routinely

20  dismiss such claims at the pleading stage.  *See, e.g.*, *Andersen v. Maines Food & Paper*

21  *Serv., Inc.*, 156 A.D.3d 990, 991 (N.Y. App. Div. 2017) (affirming the dismissal of a

22  breach of contract claim predicated on termination of the employment agreement and

23  stating, "[w]ith regard to plaintiffs' breach of contract cause of action, it is well-settled

24  that 'absent an agreement establishing a fixed duration, an employment relationship is

25  presumed to be a hiring at will, terminable at any time by either party'") (citation

26

27  [6] As explained in Defendants' concurrently filed Request for Judicial Notice, the Court
may take judicial notice of the Employment Agreement because Plaintiff references

28  and relies on it in the Complaint.  *See Northstar Fin. Advisors, Inc. v. Schwab
Investments*, 781 F. Supp. 2d 926, 942 (N.D. Cal. 2011) (Seeborg, J.)

omitted); *Bartenbach v. Bd. of Trustees of Nassau Library Sys.*, 239 A.D.2d 372, 373 (N.Y. App. Div. 1997) ("[T]he plaintiff's employment could have been terminated at will and accordingly her complaint sounding in breach of contract and detrimental reliance was properly dismissed."); *Cleffi v. Crescent Beach Club*, No. 7214/94, 1994 WL 681053, at *1 (N.Y. Sup. Ct. Aug. 24, 1994) ("Since his employment was for an indefinite term, plaintiff was an employee at will and defendant was free to change the terms of his employment or to discharge him at any time.").

Because Plaintiff's employment was subject to termination for "any reason, at any time" (RJN, Ex. A at 2), his claim fails as a matter of law.  PwC requests that the Court dismiss this claim without leave to amend because no set of facts or allegations could cure this deficiency.  *See Atienza*, 2011 WL 839400, at *1.

## V.    CONCLUSION

For the foregoing reasons, PwC respectfully requests that the Court dismiss Plaintiff's fourth and fifth causes of action without leave to amend.

Dated:  July 23, 2018                          HUESTON HENNIGAN LLP


                                               By:  /s/ John Hueston
                                                    John C. Hueston
                                                    Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I, Joe Reiter, declare:

I am a citizen of the United States, over the age of 18 years of age, and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 523 West 6th Street, Suite 400, Los Angeles, CA 90014.

On July 23, 2018, I served true copies of the foregoing document(s) described as **DEFENDANT PRICEWATERHOUSECOOPERS LLP'S MOTION TO DISMISS** on the interested parties in this action as follows:

Ingrid M. Evans, Esq.
Evans Law Firm, Inc.
3053 Fillmore Street #236
San Francisco, CA 94123
Phone: (415) 441-8669
Fax: (888)891-4906
*Ingrid@evanslaw.com*

Alexander G. Cabeceiras, Esq.
Derek Smith Law Group, PLLC
One Penn Plaza, Suite 4905
New York, New York 10119
Phone: (212) 587-07760
Fax: (212) 587-4169
alexc@dereksmithlaw.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in this case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users (if any) will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 23, 2018, at Los Angeles, California.

_____          _____
             Joe Reiter                                                    (Signature)
     (Type or print name)