UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MAURO BOTTA,<br><br>    Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP, et al.,<br><br>    Defendants. | Case No. 18-cv-02615-RS (LB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENAS**<br><br>Re: ECF No. 72 |

## INTRODUCTION

Plaintiff Mauro Botta brings this action against defendant PricewaterhouseCoopers LLP ("PwC"), alleging that PwC wrongfully terminated him in retaliation for complaints he made about PwC's auditing practices. PwC issued subpoenas to Armanino LLP and SOAProjects Inc., two entities that employed Mr. Botta after he was terminated by PwC. (Mr. Botta currently works for SOAProjects and no longer works for Armanino.) Mr. Botta seeks a protective order quashing the subpoenas. The court held a hearing on November 29, 2018. The court adopts PwC's proposed compromise regarding the scope of the subpoenas and denies Mr. Botta's motion for a protective order quashing the subpoenas.

## STATEMENT

PwC subpoenaed Armanino and SOAProjects for, among other things, their complete personnel files on Mr. Botta,[1] but as a proposed compromise, has offered to limit its requests to:

1. documents relating to "compensation and benefits Plaintiff received at [Armanino and SOAProjects] and documents regarding his termination and job performance," which PwC argues goes to Mr. Botta's mitigation of his damages,
2. "all communications between Plaintiff and his subsequent employers relating to [PwC] and his termination [from PwC],"
3. "any complaints, criticisms, or concerns that Plaintiff raised at Armanino LLP or SOAProjects and related documents," which PwC argues goes to Mr. Botta's motive, intent, and knowledge, and to Mr. Botta's alleged emotional distress, and
4. documents related to Mr. Botta's "job performance and disciplinary record," which PwC argues goes to Mr. Botta's credibility, his job performance, and his alleged emotional distress.[2]

Mr. Botta argues that PwC is on a "fishing expedition for propensity evidence" and that its requests invade his privacy, are irrelevant, are not reasonably calculated to lead to admissible evidence, are designed to harass him, and call for discovery can be obtained through less intrusive means.[3]

---

[1] Def. Subpoena to Armanino – ECF No. 72-1 at 9–11; Def. Subpoena to SOAProjects – ECF No. 72-2 at 8–9. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Joint Letter Br. – ECF No. 72 at 3–5. Mr. Botta argues that PwC's requests for Mr. Botta's entire personnel file "could contain a myriad of information including, but not limited to, medical information, financial information, disclosure of personal circumstances and/or Plaintiff's health issues, information about co-workers, supervisors, and other private employment issues," *id.* at 2, but PwC's proposed limitations appear to address these concerns.

[3] *Id.* at 1–2.

**ANALYSIS**

A court may quash a non-party subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Fed. R. Civ. P. 45(d)(3)(A)(iii). As the party resisting discovery, the burden is on Mr. Botta to demonstrate why discovery should not be permitted. *Dornell v. City of San Mateo*, No. CV 12-06065-CRB (KAW), 2013 WL 5443036, at *2 (N.D. Cal. Sept. 30, 2013).

In the context of a non-party's objecting to a subpoena directed to it, courts have recognized that "[t]he Federal Rules of Civil Procedure . . . 'afford nonparties special protection against the time and expensive of complying with subpoenas.'" *Beinin v. Ctr. for the Study of Popular Culture*, No. C 06-2298 JW (RS), 2007 WL 832962, at *2 (N.D. Cal. Mar. 16, 2007); *Nalco Co. v. Chem-Aqua, Inc.*, No. 14-mc-80183 RS (NC), 2014 WL 3420463, at *1 (N.D. Cal. July 10, 2014) ("A party or lawyer responsible for issuing and serving a subpoena . . . must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. In turn, the court 'must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.'") (citing and quoting Fed. R. Civ. P. 45(c)(1), (d)(2)(B)(ii)). Here, no non-party has objected. A party to the litigation like Mr. Botta cannot object to a non-party subpoena on the grounds of relevance or burden where the non-party itself has not objected. *Wells Fargo and Co. v. ABD Ins.*, No. C 12-03856 PJH (DMR), 2012 WL 6115612, at *2 (N.D. Cal. Dec. 10, 2012) (citing cases). "In general, a party has no standing to quash a subpoena served upon a third party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *Id.* (citing cases).

Mr. Botta argues that PwC's subpoenas invade his privacy. Courts have recognized that where a plaintiff initiates an employment lawsuit, his privacy interest in employment records is reduced. *Guitron v. Wells Fargo Bank, N.A.*, No. C 10-3461 CW (MEJ), 2011 WL 4345191, at *2 (N.D. Cal. Sept. 13, 2011) (citing *Sirota v. Penske Truck Leasing Corp.*, No. C05-03296 SI, 2006 WL 708910, at *2 (N.D. Cal. Mar. 17, 2006)). PwC argues that its need for the documents and information about Mr. Botta it requested from Armanino and SOAProjects is relevant, given the claims and defenses in this case, and outweighs Mr. Botta's reduced interest in privacy. PwC cites

1  a number of cases in support of its arguments. *See Dornell*, 2013 WL 5443036, at *5 (in
2  employment case where employee claimed emotional distress, personnel records from subsequent
3  former employers were relevant to the question of the severity of plaintiff's emotional distress and
4  to plaintiff's claims of lost income); *Gragossian v. Cardinal Health Inc.*, No. 07CV181-H(LSP),
5  2008 WL 11387063, at *4 (S.D. Cal. July 21, 2008) (in employment case where plaintiff made a
6  claim for front pay, records from prior former employers regarding plaintiff's wages, benefits,
7  duties, attendance records, performance evaluations, and records of disciplinary actions were
8  relevant to plaintiff's claimed damages); *Frazier v. Bed Bath & Beyond, Inc.*, No. 11-mc-80270
9  RS (NC), 2011 WL 5854601, at *1 (N.D. Cal. Nov. 21, 2011) (in employment case where plaintiff
10 made similar discrimination claims against multiple former employers, personnel files from those
11 employers were relevant to evidence of habit or proof of motive, opportunity, intent, preparation,
12 plan, knowledge, identity, or absence of mistake or accident); *Kellgren v. Petco Animal Supplies,
13 Inc.*, No. 13cv0644-L(KSC), 2015 WL 11237636, at *3 (S.D. Cal. Apr. 10, 2015) (in employment
14 case against former employer, performance evaluations and disciplinary records from current
15 employer were relevant to employee's credibility).[4] Mr. Botta cites no apposite cases in response
16 or in support of his privacy arguments.[5] Mr. Botta thus has not met his burden to show why the
17 subpoenas should be quashed. *Cf. Dornell*, 2013 WL 5443036, at *2 (burden is on party objecting
18 to discovery). PwC notes that Mr. Botta's privacy concerns can be addressed through the parties'
19 protective order. *Cf. Frazier*, 2011 WL 5854601, at *2. Mr. Botta does not explain why the
20 protective order would be inadequate to address his concerns.[6]

---

[4] The *Kellgren* opinion refers to the employer being subpoenaed (Office Depot) as a "subsequent employer," i.e., an employer that the plaintiff worked for after he stopped working for the defendant. The parties' filings state that Office Depot was not only a subsequent employer, it was the plaintiff's current employer when the defendants issued their subpoena. Joint Mot. for the Resolution of a Discovery Dispute, *Kellgren v. Petco Animal Supplies, Inc.*, No. 3:13-cv-0644-L-KSC (S.D. Cal. filed Mar. 10, 2015), ECF No. 61 at 8 ("The fifth subpoena was directed at Office Depot, where Plaintiff Kellgren currently works.").

[5] The two cases Mr. Botta cites, *Beinin* and *Nalco*, deal with non-parties objecting to a subpoena on the grounds of burden or confidentiality, not a party objecting to a non-party subpoena on the grounds of privacy or harassment.

[6] As discussed at the hearing, the court recognizes that one of PwC's subpoenas is directed to Mr. Botta's current employer. A subpoena to a current employer potentially raises concerns that are

## CONCLUSION

The court denies Mr. Botta's motion for a protective order quashing the subpoenas. The court adopts PwC's proposed compromise regarding the scope of the subpoenas and limits the scope to the four categories of documents and information listed above.

**IT IS SO ORDERED.**

Dated: November 30, 2018

_____
LAUREL BEELER
United States Magistrate Judge

---

different than those attached to a subpoena to a former employer. In this case, however, where Mr. Botta himself has affirmatively publicized his dispute with PwC — including by giving an interview to the Financial Times, Madison Marriage & Jonathan Ford, *A Dangerous Dance: When Auditors Are Too Close to the Client*, Fin. Times (Aug. 27, 2018), *available at* https://www.ft.com/content/29a029a0-a7b2-11e8-8ecf-a7ae1beff35b (last visited Nov. 29, 2018) — there is less of a concern about his current employer's being issued a subpoena in connection with that dispute that there might be otherwise.

ORDER – No. 18-cv-02615-RS (LB)  5