# EXHIBIT 14

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION

**SECURITIES EXCHANGE ACT OF 1934**
Release No. 81911 / October 19, 2017

**ACCOUNTING AND AUDITING ENFORCEMENT**
Release No. 3902 / October 19, 2017

**ADMINISTRATIVE PROCEEDING**
File No. 3-18259

| | |
|---|---|
| **In the Matter of**<br><br>    **MAYANK GUPTA, CPA,**<br><br>**Respondent.** | ORDER INSTITUTING ADMINISTRATIVE PROCEEDINGS PURSUANT TO RULE 102(e) OF THE COMMISSION'S RULES OF PRACTICE, MAKING FINDINGS, AND IMPOSING REMEDIAL SANCTIONS |

**I.**

The Securities and Exchange Commission ("Commission") deems it appropriate and in the public interest that public administrative proceedings be, and hereby are, instituted pursuant to Rule 102(e)(3)(i) of the Commission's Rules of Practice against Mayank Gupta ("Respondent"). [1]

---

[1] Rule 102(e)(3)(i) provides, in relevant part, that:

   The Commission, with due regard to the public interest and without preliminary hearing, may, by order, . . . suspend from appearing or practicing before it any . . . accountant . . . who has been by name . . . permanently enjoined by any court of competent jurisdiction, by reason of his or her misconduct in an action brought by the Commission, from violating or aiding and abetting the violation of any provision of the Federal securities laws or of the rules and regulations thereunder.

## II.

In anticipation of the institution of these proceedings, Respondent has submitted an Offer of Settlement (the "Offer") which the Commission has determined to accept. Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission, or to which the Commission is a party, and without admitting or denying the findings herein, except as to the Commission's jurisdiction over him and the subject matter of these proceedings and the findings contained in paragraphs III.3 below, which are admitted, Respondent consents to the entry of this Order Instituting Administrative Proceedings Pursuant to Rule 102(e) of the Commission's Rules of Practice, Making Findings, and Imposing Remedial Sanctions ("Order"), as set forth below.

## III.

On the basis of this Order and Respondent's Offer, the Commission finds that:

1. Gupta, age 34 and a resident of Sunnyvale, California, was an assurance manager at PricewaterhouseCoopers, LLP. ("PWC"), from 2012 to November, 2016. He is licensed as a certified public accountant in the State of California.

2. QLogic Corporation ("QLogic"), was a California limited liability company headquartered in Aliso Viejo, California. At all relevant times, QLogic's common stock was registered with the Commission under Section 12(b) of the Securities Exchange Act of 1934 ("Exchange Act") and traded on The NASDAQ Global Select Market.

3. On September 12, 2017, the Commission filed a complaint against Gupta in SEC v. Mayank Gupta, et. al. (Case No. 5:17-cv-05274) in the United States District Court for the Northern District of California. On October 11, 2017, the court entered a consent final judgment against Gupta permanently enjoining him from future violations of Sections 10(b) and 14(e) of the Exchange Act and Rules 10b-5 and 14e-3 thereunder, and ordering him to pay a civil penalty of $23,785.40.

4. The complaint alleges that Gupta engaged in insider trading by tipping his cousin-in-law, Pushpendra Agrawal ("Agrawal"), material nonpublic information in advance of a June 15, 2016 announcement that Cavium, Inc. ("Cavium") would acquire QLogic through a tender offer. The complaint alleges that Gupta worked at PWC including providing auditing services for Cavium. The complaint further alleges that by the morning of June 15, 2016, in the course of his employment at PWC, Gupta became privy to material non-public information about Cavium's acquisition of QLogic. Allegedly, on the morning of June 15, 2016, Gupta tipped Agrawal that Cavium was acquiring QLogic and that QLogic was therefore a "sure thing." According to the complaint, Agrawal purchased 250 QLogic call options based on Gupta's tip. The complaint alleges that Agrawal made a profit of $23,785.40 as a result of the price increase in QLogic stock after the tender offer was announced.

**IV.**

In view of the foregoing, the Commission deems it appropriate and in the public interest to impose the sanctions agreed to in Respondent Gupta's Offer.

Accordingly, it is hereby ORDERED, effective immediately, that:

A. Gupta is suspended from appearing or practicing before the Commission as an accountant.

B. After five years from the date of this order, Respondent may request that the Commission consider his reinstatement by submitting an application (attention: Office of the Chief Accountant) to resume appearing or practicing before the Commission as:

1. a preparer or reviewer, or a person responsible for the preparation or review, of any public company's financial statements that are filed with the Commission (other than as a member of an audit committee, as that term is defined in Section 3(a)(58) of the Securities Exchange Act of 1934). Such an application must satisfy the Commission that Respondent's work in his practice before the Commission as an accountant will be reviewed either by the independent audit committee of the public company for which he works or in some other acceptable manner, as long as he practices before the Commission in this capacity; and/or

2. a preparer or reviewer, or a person responsible for the preparation or review, of any public company's financial statements that are filed with the Commission as a member of an audit committee, as that term is defined in Section 3(a)(58) of the Securities Exchange Act of 1934. Such an application will be considered on a facts and circumstances basis with respect to such membership, and the applicant's burden of demonstrating good cause for reinstatement will be particularly high given the role of the audit committee in financial and accounting matters; and/or:

3. an independent accountant. Such an application must satisfy the Commission that:

(a) Respondent, or the public accounting firm with which he is associated, is registered with the Public Company Accounting Oversight Board ("Board") in accordance with the Sarbanes-Oxley Act of 2002, and such registration continues to be effective;

(b) Respondent, or the registered public accounting firm with which he is associated, has been inspected by the Board and that inspection did not identify any criticisms of or potential defects in the respondent's or the firm's quality control system that would indicate that the respondent will not receive appropriate supervision;

(c) Respondent has resolved all disciplinary issues with the Board, and has complied with all terms and conditions of any sanctions imposed by the Board (other than

3

reinstatement by the Commission); and

           (d)    Respondent acknowledges his responsibility, as long as he appears or practices before the Commission as an independent accountant, to comply with all requirements of the Commission and the Board, including, but not limited to, all requirements relating to registration, inspections, concurring partner reviews and quality control standards.

    C.    The Commission will consider an application by Respondent to resume appearing or practicing before the Commission provided that his state CPA license is current and he has resolved all other disciplinary issues with the applicable state boards of accountancy.  However, if state licensure is dependent on reinstatement by the Commission, the Commission will consider an application on its other merits.  The Commission's review may include consideration of, in addition to the matters referenced above, any other matters relating to Respondent's character, integrity, professional conduct, or qualifications to appear or practice before the Commission as an accountant.  Whether an application demonstrates good cause will be considered on a facts and circumstances basis with due regard for protecting the integrity of the Commission's processes.

    By the Commission.

                                                           Brent J. Fields
                                                          Secretary