Exhibit 18

ALEXANDER G. CABECEIRAS, ESQ.
**DEREK SMITH LAW GROUP, PLLC**
One Penn Plaza, Suite 4905
New York, New York 10119
Phone: (212) 587-0760
Fax: (212) 587-4169
alexc@dereksmithlaw.com
*APPEARANCE PRO HACE VICE*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

-------------------------------------------------------X

MAURO BOTTA,

                Plaintiff,

                              Civil Case No: 3:18-cv-2615

    -against-

PRICEWATERHOUSECOOPERS LLP,

                Defendants.

-------------------------------------------------------X

**PLAINTIFF'S RESPONSE TO DEFENDANT PRICEWATERHOUSECOOPERS LLP'S SECOND SET OF INTERROGATORIES TO PLAINTIFF MAURO BOTTA**

**PRELIMINARY STATEMENT**

Plaintiff reserves the right to modify these Responses as additional facts are ascertained, analyses are made, legal research is completed, and contentions are asserted. Plaintiff also

reserves the right to modify these Responses in the event that it determines that any information was omitted from them inadvertently.

Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any grounds that would require exclusion of any Responses herein if it were introduced in court. All objections and grounds are therefore expressly reserved and may be interposed at the time of trial. This Preliminary Statement shall apply to each and every Response given herein, and shall be incorporated by referenced as though set forth fully in each Response below.

**INTERROGATORY NO. 15** IDENTIFY all facts, including, but not limited to, all DOCUMENTS and witnesses, supporting YOUR contention that YOU have been "blacklisted" by PwC, as alleged in paragraphs 79-89 of YOUR COMPLAINT.

**RESPONSE: OBJECTION. Plaintiff objects to this interrogatory as it seeks information already in Defendants' possession and to the extent the interrogatory calls for information Plaintiff could not possibly fully know and is overly broad. To the extent Plaintiff can respond and without waiver of the aforementioned objection, Plaintiff responds as follows: Plaintiff refers Defendants to all responsive documents bate stamped no. PLAINTIFF 2021-2699, 2753.**

**In or around February of 2018, Fluidigm was told by PwC that PwC could not "rely" on Plaintiff's work as an auditor. Christopher Ludwig first told Plaintiff that Fluidigm had been told by PwC they could not rely on Plaintiff's auditing work. Thereafter, Robert Strasser reiterated what Ludwig had said. Strasser also told Plaintiff in his 20+ years of working he had never seen something like this. Strasser had to abide by what Fluidigm asked and removed Plaintiff from the Fluidigm project. Thereafter, Andrey Sokolov, the internal audit director as Fluidigum spoke to Plaintiff stating "Hi Mauro, I was appalled and very sorry to hear about your sudden leave from Fluidigm account. Just at the time when we get a highly competent professional, we turn him away - very disappointing. It was a pleasure, though briefly, to work with you. Please let me know if you are in the area, and we can grab lunch, coffee, or a glass of good Chianti…" (See PLAINTIFF 002753).**

**In or around June of 2018, Plaintiff spoke to the owner and founder of ACILON, Karo Galstyan, about a possible consulting job. Galstyan and Plaintiff worked together in the past and had a great relationship. When Plaintiff brought up a job prospect, Galstyan**

**responded that he could not hire Plaintiff because he was afraid PwC would cut his referrals.**

**In or around June of 2018, after applying for a job at Deloitte, Plaintiff spoke to Deloitte's CFO James Parkin. Parkin told Plaintiff, after he had consulted internally and that, "I cannot hire you because you have litigation in process with PwC."**

**In or around June of 2018, Plaintiff applied for a job with MARCUM. Plaintiff interviewed with Jeff Pera. Plaintiff was invited for another interview. Plaintiff received positive feedback. Thereafter, Plaintiff was told MARCUM received "negative feedback" and could not hire him.**

Date:   January 18, 2019
        New York, New York

                                        Respectfully Submitted,
                                        **DEREK SMITH LAW GROUP, PLLC**

                                        */s/ Alexander G. Cabeceiras*
                                        Alexander G. Cabeceiras, Esq.
                                        One Penn Plaza, Suite 4905
                                        New York, New York 10119

**CERTIFICATION**

I hereby certify that the foregoing Responses are true. I further certify that if any of the foregoing Responses are willfully false, I am subject to punishment.

By: _____
     Mauro Botta

Date: 01/17/19