Exhibit 19

ALEXANDER G. CABECEIRAS, ESQ.
**DEREK SMITH LAW GROUP, PLLC**
One Penn Plaza, Suite 4905
New York, New York 10119
Phone: (212) 587-0760
Fax: (212) 587-4169
alexc@dereksmithlaw.com
*APPEARANCE PRO HACE VICE*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

-----------------------------------------------------------X

MAURO BOTTA,

                Plaintiff,

                                      Civil Case No: 3:18-cv-2615

    -against-

PRICEWATERHOUSECOOPERS LLP,

                Defendants.

----------------------------------------------------------X

**PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST REQUEST TO ADMIT**

**REQUEST FOR ADMISSION NO. 1**: Admit that on or around July 17, 2017, YOU were interviewed by Walter Brown and Paul Rugani of Orrick, Herrington & Sutcliffe LLP (the "Interview") in PwC's San Jose office.

**RESPONSE: DENY. I do not recall the date of the meeting with the PwC attorneys and I do not recall who was present in such occasions. I do admit a meeting took place in the PwC San Jose office with attorneys. I do recall there were representatives from Orrick and PwC's Office of General Counsel. I do remember Anna-Maria Vitale from PwC's OGC. I remember Marie Mazur from OGC. I remember Mari Mazour from PwC's OGC. I do recall Paul Rugami from Orrick. I do recall two meetings taking place, one in July of 2017**

and one in June of 2017. I believe, but am not certain, that the above mentioned attorneys were in both the July and June meetings. I also recall my SEC Attorney, Jason Brown, being in attendance. I do not recall if he was at the July or June meeting.

**REQUEST FOR ADMISSION NO. 2**: Admit YOU stated during the Interview that you had created the CONTROL THRESHOLD in 2015 during the audit of CAVIUM's 2014 year-end.

**RESPONSE: DENY. I do not recall the exact language used during the interview or the exact questions that I was asked. Therefore, I cannot admit or deny.**

**REQUEST FOR ADMISSION NO. 3**: Admit YOU stated during the Interview that—at the time YOU created the CONTROL THRESHOLD—YOU had no evidence that the CONTROL THRESHOLD was documented or existed.

**RESPONSE: DENY. I do not recall the exact language used during the interview or the exact questions that I was asked. Therefore, I cannot admit or deny.**

**REQUEST FOR ADMISSION NO. 4**: Admit YOU stated during the Interview that YOU had documented the CONTROL THRESHOLD for the first time in the MEMORANDUM.

**RESPONSE: DENY. I do not recall the exact language used during the interview or the exact questions that I was asked. Therefore, I cannot admit or deny. Lastly I cannot represent the document attached is the original DRAFT of the memorandum that Mr. Thorson and I discussed that night. Had PwC given me the opportunity to review such questions or clarify their misunderstanding of the facts, or had PwC retained, as they should have, the transcripts of the Sametime chats with Mr. Thorson that Sunday night before Cavium's 10-K filing, this question could have been answered. I explained the facts as they occurred during my deposition. I deny that there was any professional misconduct on my part or any lies told, as Defendant indicated, and the reason for my termination is completely false.**

Date:   January 18, 2019
        New York, New York

                                        Respectfully Submitted,
                                        **DEREK SMITH LAW GROUP, PLLC**

                                        */s/ Alexander G. Cabeceiras*
                                        Alexander G. Cabeceiras, Esq.
                                        One Penn Plaza, Suite 4905
                                        New York, New York 10119