1

2

3

4

5

6

7                                    UNITED STATES DISTRICT COURT

8                                   NORTHERN DISTRICT OF CALIFORNIA

9

10   MAURO BOTTA,                                  Case No.  18-cv-02615-RS

                    Plaintiff,
11
          v.                                       **ORDER RECONSIDERING AND**
12                                                 **REAFFIRMING ORDER DENYING**
     PRICEWATERHOUSECOOPERS LLP, et                **SUMMARY JUDGMENT**
13   al.,

14                  Defendants.

15

16        The issue presented by defendants' motion for partial reconsideration of the order denying

17   summary judgment is whether plaintiff has presented sufficient evidence to show a triable issue of

18   fact that he suffered damages with respect to his breach of contract claim. The order permitting

19   defendants to pursue reconsideration observed that the order denying summary judgment had not

20   expressly addressed defendants' argument regarding contract damages. Defendants had presented

21   evidence showing plaintiff accepted a job offer from a new employer, and had the option of

22   starting that job ten days before defendants terminated him. Thus, defendants contended, his

23   damage claim was foreclosed by his failure to mitigate.

24        Plaintiff's opposition to the underlying motion asserted that the gap of approximately one

25   month between the time his employment was terminated and when he actually started work at the

26   new employer was "prima facie" evidence that he suffered damages. The order granting leave to

27   seek reconsideration noted that if plaintiff elected to delay his start date at his new job for his own

28   purposes, that would not relieve him from his obligation to mitigate any damages, or allow him to

United States District Court
Northern District of California

United States District Court
Northern District of California

claim loss of income during the one-month gap as damages. In response to the motion for reconsideration, plaintiff has elaborated that although he had originally been offered a potential start date at the new employer *prior* to his termination by defendants, when the termination actually took place, that date was no longer an option (by definition, as it had passed). Plaintiff then negotiated with the new employer to move up his start date as much as possible, but the employment gap of approximately one month remained.[1]

Defendants object that plaintiff should not be permitted to present arguments on reconsideration that he failed to make in opposition to the underlying motion. While plaintiff certainly left his contentions on the point underdeveloped in the original briefing, his present argument does not depend on any documents or basic facts not in the prior record. The sequence of events was:

> -- July 8th. Plaintiff receives new job offer, with proposed start date of August 7th or September 25th.

> -- August 4th. While still employed by defendants, plaintiff accepts the offer, presumably planning to start on September 25th, as August 7th would not allow him to give defendants adequate notice.

> --  August 17th. Defendants terminate plaintiff.

> -- Shortly thereafter, plaintiff requests new employer to move start up to earliest available date. New employer permits plaintiff to start on September 11th.

The order permitting defendants to seek reconsideration suggested defendants likely would be entitled to partial summary judgment on the breach of contract claim, as things stood at that juncture. Plaintiff, however, has made an adequate showing to the contrary. Plaintiff's duty to mitigate damages did not arise before he was terminated. The fact that he theoretically could have started his new job ten days prior to his termination by defendants is of no consequence, as he had

---

[1]  Although not material to the decision, the order denying summary judgment incorrectly implied that plaintiff did not apply for new employment until after defendants terminated him in August of 2017.

CASE NO.  18-cv-02615-RS

no need for the job at that point, nor a duty to take it. Although defendants point out plaintiff allegedly knew as early as June that his employment with them was coming to an end and that he needed to find a new job, that does not mean he knew or should have known that he would be actually terminated on August 17th.

Accordingly, there is at least a triable issue of fact as to whether plaintiff suffered contract damages that are not barred by any failure on his part to make reasonable efforts to mitigate. Upon reconsideration, the prior decision denying summary judgment is reaffirmed.

**IT IS SO ORDERED**.

Dated: August 21, 2019

_____
RICHARD SEEBORG
United States District Judge