**JOHN C. HUESTON**

jhueston@hueston.com
D: 949 226 6740
T: 949 229 8640
F: 888 775 0898

620 Newport Center Drive
Suite 1300
Newport Beach, CA 92660

# HUESTON HENNIGAN LLP

January 31, 2021

The Hon. Alex G. Tse
San Francisco Courthouse, Courtroom A – 15th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re:   Botta v. PricewaterhouseCoopers LLP, Case No. 3:18-cv-02615

Your Honor:

During the December 11, 2020 case management conference, you encouraged the parties, when necessary, to seek your assistance in resolving disputes that arise during pretrial proceedings. Defendant PricewaterhouseCoopers LLP ("PwC") now respectfully requests your assistance resolving two issues concerning Plaintiff Mauro Botta's pretrial disclosures.  Although the parties met and conferred on these issues, they were unable to resolve their disagreement.  Subject to Your Honor's availability, PwC is available to discuss these issues this week.[1]

> 1.   Plaintiff Must Narrow His Witness List

PwC requests an order requiring Plaintiff to provide a reasonable and realistic witness list, and identify time estimates for Plaintiff's examination of the witnesses he has identified.  When the parties exchanged witness lists on January 22, 2021, Plaintiff identified 31 potential live witnesses, and separately designated deposition testimony for 9 witnesses.  Exhibit A.  PwC, by contrast, identified 15 potential live witnesses and designated deposition testimony for 3 witnesses.  Exhibit B.  Plaintiff should be required to shorten his witness list for several reasons:

First, Plaintiff's witness list ignores practical realities.  Pursuant to the trial schedule, each side has approximately twenty hours to present its entire case, including openings.[2]  Plaintiff cannot expect to call 31 witnesses, or even a meaningful portion, during his time allocation.

Second, when PwC raised that concern with Plaintiff, his counsel stated that they intend (at this time) to call 8 witnesses and are unlikely to call the 23 others on his list (the "may call" witnesses) unless "the need arises."  Exhibit C.  But Plaintiff has it backwards.  Because Plaintiff has the burden of proof, he should know what testimony he needs to present and who will provide it.

---

[1] After the parties met and conferred, PwC's counsel asked Plaintiff's counsel on January 27, 2021 to provide their availability for a conference with Your Honor and to respond to any open issues by a date certain. Plaintiff's counsel did not respond.  Exhibit C.

[2] Trial is scheduled to take place on February 22-25, March 1-4, and March 8 from 8:30am–1:30pm. *See* Dkt. No. 138.

# HUESTON HENNIGAN LLP

While PwC understands that Plaintiff may need to call rebuttal witnesses, the 23 may call witnesses do not qualify.  Rebuttal witnesses are necessarily limited to those whose testimony Plaintiff cannot anticipate needing during his case-in-chief and whose testimony responds solely to "new facts" brought out during PwC's case.  *Morgan v. Commercial Union Assur. Companies*, 606 F.2d 554, 555 (5th Cir. 1979) ("Rebuttal is a term of art, denoting evidence introduced by a Plaintiff to meet new facts brought out in his opponent's case in chief."); *Emerick v. U.S. Suzuki Motor Corp.*, 750 F.2d 19, 22 (3d Cir. 1984) ("It is well settled that evidence which properly belongs in the case-in-chief but is first introduced in rebuttal may be rejected, so as to avoid prejudice to the defendant and to ensure the orderly presentation of proof.").  It is not appropriate for Plaintiff to broadly reserve the right to call 23 separate individuals for that purpose.  18 of those 23 witnesses were not even deposed.[3]  Plaintiff has no reasonable expectation that their testimony could be necessary.  *See Geders v. United States*, 425 U.S. 80, 86–87 (1976) (trial judges have "broad power" to "control the scope of rebuttal testimony. . . refuse to allow cumulative, repetitive, or irrelevant testimony. . .and may control the scope of examination of witnesses"); Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

Third, Plaintiff's approach prejudices PwC.  By purporting to reserve the right to call 23 witnesses at any time, Plaintiff deprives PwC of its right to fair notice of the testimony and evidence that will be presented at trial.  PwC can only guess as to what Plaintiff might do and which witnesses he may call.  The pretrial disclosures rules were intended to eliminate this type of trial by surprise and sandbagging.  *See United States v. First Nat. Bank of Circle*, 652 F.2d 882, 886 (9th Cir. 1981) (courts have power to make and enforce pretrial orders to eliminate "trial by ambush and [en]courage timely preparation by the parties for trial"); *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) ("[P]retrial procedures make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.").

Fourth, Plaintiff's approach unfairly burdens PwC and its employees.  Plaintiff's 23 may call witnesses include 16 current PwC employees.  Plaintiff has requested that PwC make those employees available for testimony if Plaintiff requests their attendance.  But PwC cannot have 16 employees clear their schedules for two weeks based on the remote possibility that Plaintiff may want their testimony.  Indeed, this trial is taking place in the middle of PwC's busy season for the audit practice when many of its clients will be preparing and filing their year-end financial statements with the Securities and Exchange Commission.

Relatedly, even accepting Plaintiff's representation that he has no current intention to call the may call witnesses, he admits that could change.  Because PwC does not know which of the 23 witnesses Plaintiff would call, PwC will be required to prepare trial examination outlines and other materials for *all 23* of them and meet with the PwC employees.  It is unfair to force PwC to plan and prepare to examine witnesses who will not testify in this case.

For these reasons, the Court should require Plaintiff to narrow his witness list to only those witnesses he reasonably expects he may call.

During the parties' meet and confer, PwC also asked Plaintiff's counsel to provide time estimates for their witness, and PwC has agreed to do the same.  <u>Exhibit C</u>.  Time estimates are necessary to facilitate the order and scheduling of witnesses at trial.  PwC also needs to know who Plaintiff's

---

[3] Despite including 31 separate individuals on his witness list, Plaintiff took 7 depositions in this case.

# HUESTON HENNIGAN LLP

witnesses will be, so PwC can accurately calculate its estimates.  The Court should require Plaintiff to provide time estimates for the witnesses on his narrowed list.

2.    Plaintiff Cannot Designate Deposition Testimony for Live Witnesses

In addition to serving a witness list with 31 individuals, Plaintiff separately designated deposition testimony from 9 witnesses.  Plaintiff's deposition designations are inappropriate for several reasons, some of which the parties have successfully addressed.[4]  The most significant remaining issue is that Plaintiff has designated deposition testimony for witnesses whom he intends to call live: Traci Nelson, Stig Haavardtun, and Tye Thorson.  Plaintiff has also designated deposition testimony for a witness PwC intends to call live: Timothy Carey.  See Exhibits A and C.  Plaintiff's attempt to both (1) call witnesses live and (2) read their deposition transcript into the record should be rejected:

First, "[t]he deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand."  Napier v. Bossard, 102 F.2d 467 (2nd Cir. 1939) (Learned Hand, J.).  PwC assumes (respectfully) that this Court would prefer to see and hear witnesses testify live when it will have the best opportunity to assess their credibility.  Rigsbee v. City & Cty. of Honolulu, 2019 WL 1089636, at *1 (D. Haw. Mar. 7, 2019) ("There is a strong preference for live testimony over recorded testimony.").  The Court cannot do that as effectively by listening to someone else read a witness's deposition transcript (none of the depositions that Plaintiff took in this case were videotaped).

Second, Plaintiff's approach is duplicative, inefficient, and unnecessary.  If either party calls a witness to testify live, that party will have a full opportunity to elicit live testimony on the topics covered at that witness's deposition.  Either party is free to use the witness's transcript to impeach their testimony.  See Fed. R. Civ. Proc. 32(a)(2).  But there is no reason why this Court or the parties should waste their time reading deposition testimony into the record that could have been elicited with the witness on the stand.  Courts routinely reject similar attempts to present deposition testimony for witnesses available to testify live.  See, e.g., Rigsbee, 2019 WL 1089636, at *2 (where witnesses were available to testify live, "Plaintiff cannot use the depositions in lieu of direct examination"); Jordan v. Pugh, 2007 WL 1552512, at *3 (D. Colo. May 22, 2007) (holding "use of deposition testimony is inappropriate" because a witness was "designated" and "available at trial"); Gauthier v. Crosby Marine Serv., Inc., 752 F.2d 1085, 1089 (5th Cir. 1985) (affirming exclusion of deposition testimony where witness testified live); First Sav. Bank, F.S.B. v. U.S. Bancorp, 196 F.R.D. 608, 609 (D. Kan. 2000) ("Obviously, the court will not permit persons present at trial to testify by deposition.").

Indeed, Plaintiff's approach will cause delay, require witnesses to be recalled, and muddle the record. During the parties' meet and confer, Plaintiff's counsel stated that they intend to read the deposition testimony into the record after a witness testifies.  But this will create an inefficient trial: (1) Plaintiff will examine a witness live; (2) PwC will conduct its examination; (3) the witness will be excused; (4) Plaintiff will read the witness's deposition testimony into the record; and (5) PwC may need to recall the witness to address his or her deposition testimony.  This will complicate the trial and waste everyone's time.  See Rigsbee, 2019 WL 1089636, at *2 (explaining that "[e]fficiency will be promoted by the live testimony").

---

[4] Plaintiff initially tried to designate his own deposition testimony in violation of Fed. R. Civ. Proc. 32.  The parties have agreed that neither party will designate Plaintiff's deposition testimony unless and until he somehow becomes unavailable for trial under Fed. R. Civ. Proc. 32(a)(4).

# HUESTON HENNIGAN LLP

Finally, although the Court need not reach this issue for the reasons stated above, Fed. R. Civ. Proc. 32(a)(3) also limits Plaintiff to using the deposition testimony of a PwC "officer, director, managing agent, or designate under Rule 30(b)(6)." Plaintiff cannot meet his burden of satisfying this exception for at least some of the deposition testimony he has designated. Traci Nelson, for example, is a senior manager in PwC's human resources department. *See, e.g.*, *Ocampo v. HeiTech Servs., Inc.*, No. 19-CV-04176-KAW, 2020 WL 5545286, at *6 (N.D. Cal. Sept. 16, 2020) (holding that Chief Human Capital Officer was not managing agent because there was no evidence he had "substantial discretionary authority over decisions that ultimately determined corporate policy").

In short, Plaintiff's attempt to designate deposition testimony for witnesses who testify live will not assist this Court's fact-finding function, will only delay and complicate the proceedings, and is procedurally improper.

Respectfully submitted,

*/s/ John C. Hueston*

John C. Hueston

JCH

cc:     Alex Cabeceiras
        Ingrid Evans

# EXHIBIT A

INGRID EVANS (SBN 179094)
EVANS LAW FIRM, INC.
3053 Fillmore Street #236
San Francisco, California 94123
Telephone (415) 441-8669
Facsimile (415) 928-1294

ALEXANDER G. CABECEIRAS, ESQ.
DEREK SMITH LAW GROUP, PLLC
One Penn Plaza, Suite 4905
New York, New York 10119
Phone: (212) 587-0760
Fax: (212) 587-4169
alexc@dereksmithlaw.com
APPEARANCE *PRO HACE VICE*

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MAURO BOTTA, | ) |
| | ) |
| | ) |
| Plaintiff, | ) **FRCP 26(a)(3) PRETRIAL** |
| | ) **DISCLOSURES** |
| vs. | ) |
| | ) |
| PRICE WATERHOUSE COOPERS LLP, | ) |
| | ) |
| Defendant. | |
| _____ | |

1

2

I.      **Pursuant to FRCP 26(a)(3)(A)(i), Plaintiff submits the following:**

3       Where addresses and/or telephone numbers are not listed, it is because Plaintiff does not
have that information available:

4       o   Traci Nelson c/o PWC – 408-656-5367. Believed to be Defendant's Human Resource
            Leader in San Jose. May have information pertaining to Plaintiff's termination and/or
5           disparate treatment. Expected to be called as witness.

6       o   Robert Ward c/o PWC – 408-607-4443. Believed to be Defendant's employee. May
            have information pertaining to Plaintiff's termination and/or disparate treatment,
            Plaintiff's whistleblowing activities, and Defendant's accounting issues. May be
7           called as witness.

8       o   Mayank Gupta– 408-431-1049. Believed to be former Defendant's employee. May
            have information pertaining to Plaintiff's termination and/or disparate treatment and
9           may have information relating to Plaintiff reporting Defendant's accounting issues.
            Expected to be called as witness.

10      o   Umit Ozdemir c/o PWC – 408-813-2914. Believed to be Defendant's employee. May
            have information pertaining to Plaintiff's termination and/or disparate treatment and
11          may have information relating to Plaintiff reporting Defendant's accounting issues.
            May be called as witness.

12      o   Patrick McNamara c/o PWC – 408-828-5989. Believed to be Defendant's employee.
            May have information pertaining to Plaintiff's termination and/or disparate treatment
13          and may have information relating to Plaintiff reporting Defendant's accounting
            issues. May be called as witness.

14      o   Stig Haavartdun. c/o PWC. PwC Partner. Has knowledge relating to Harmonic audit,
            Plaintiff's work performance, and Plaintiff's protected activity. Expect to be called as
15          a witness.

16      o   Carolyn Sucha c/o PWC – 408-594-6476. Believed to be Defendant's employee. May
            have information pertaining to Plaintiff's termination and/or disparate treatment and
            may have information relating to Plaintiff reporting Defendant's accounting issues.
17          May be called as witness.

18      o   Kevin Healy c/o PWC – 408-205-8844. Believed to be Defendant's employee. May
            have information pertaining to Plaintiff's termination and/or disparate treatment and
19          may have information relating to Plaintiff reporting Defendant's accounting issues.
            May be called as witness.

20      o   Anna Watson c/o PWC – Believed to be Defendant's employee. May have
            information pertaining to Plaintiff's termination and/or disparate treatment and may
21          have information relating to Plaintiff reporting Defendant's accounting issues. May
            be called as witness.

22      o   Cate Sabatini c/o PWC – Believed to be Defendant's employee. May have
            information pertaining to Plaintiff's termination and/or disparate treatment and may
23          have information relating to Plaintiff reporting Defendant's accounting issues. May
            be called as witness.

BOTTA V. PRICE WATERHOUSE COOPERS, LLP Case No: 3:18-cv-2615-RS

- o Justin Wallace c/o PWC – Believed to be Defendant's employee within Defendant's Ethics Office. May have information pertaining to Plaintiff's termination and/or disparate treatment and may have information relating to Plaintiff reporting Defendant's accounting issues.  May be called as witness.
- o Shawna Hewitt c/o PWC – 206-398-3912. Defendant's Human Resources Leader. May have knowledge pertaining to Plaintiff's termination. May be called as witness.
- o Kevin Baldwin c/o PWC – Defendant PwC's Vice Chairman. May have knowledge pertaining to Plaintiff's termination. May be called as witness.
- o Dick DuBois c/o PWC – Defendant's National Assurance Leader. May have knowledge pertaining to Plaintiff's termination.  May be called as witness.
- o D. Timothy Carey c/o PWC – Defendant's Market Leader. May have knowledge pertaining to Plaintiff's termination. May be called as witness.
- o Tye Thorson c/o PWC – 408-460-5977. Defendant's San Jose Partner. May have knowledge pertaining to Plaintiff's whistleblowing activities, Plaintiff's termination, and Defendant's accounting issues. Expected to be called as a witness.
- o Ergun Genc c/o PWC – 408-834-0351. Defendant's San Jose Partner. May have knowledge pertaining to Plaintiff's whistleblowing activities, Plaintiff's termination, and Defendant's accounting issues. May be called as witness.
- o Anne-Marie Vitale c/o PWC – Defendant PwC's Officer of General Counsel. May have knowledge pertaining to Plaintiff's whistleblowing activities, Plaintiff's termination, and Defendant's accounting issues. May be called as witness.
- o A. Mari Mazour c/o PWC– PwC's Officer of General Counsel. May have knowledge pertaining to Plaintiff's termination and whistleblowing activities. May be called as witness.
- o Ed Sarrett, M.A. – 1550 The Alameda, Suite 303, San Jose, CA 95126. (408) 230-2665. esarrett@bcp.org. Licensed Marriage and Family Therapist. May have knowledge pertaining to Plaintiff's emotional distress. Expected to be called as a witness.
- o Marco Botta – Milan, Italy. +39-338-922-7397. Plaintiff's brother. Current residence is in Italy. May have knowledge pertaining to Plaintiff's emotional distress. Expected to be called as a witness.
- o Robert Heatley c/o PWC – 650-302-8755, Defendant. Has knowledge pertaining to Plaintiff's whistleblowing activities and Defendant's accounting issues.  May be called as witness.
- o Christopher Ludwig – 415-717-1494. Plaintiff's former colleague. Knowledge of PwC harming Plaintiff's professional reputation. Expected to be called as a witness.
- o Steven Kessler. c/o PWC – Believed to be Defendant's employee within Defendant's Ethics Office. May have information pertaining to Plaintiff's termination and/or disparate treatment and may have information relating to Plaintiff reporting Defendant's accounting issues.  May call as witness.
- o Walter F. Brown. (415) 773-5995. Work address is 405 Howard Street, San Francisco, CA 94105. Has knowledge relating to Mauro's termination and whistleblowing activity. Expected to be called as a witness.

BOTTA V. PRICE WATERHOUSE COOPERS, LLP Case No: 3:18-cv-2615-RS

3

- o   Mark D. Simon. C/o PWC. Has knowledge relating to Mauro's termination. May be called as witness.
- o   Patricia Lin c/o PWC. Has knowledge relating to Plaintiff's protected activity. May be called as a witness.
- o   Paul F. Rugani. (206) 839-4316. Work address is 51 West 52nd Street, New York, NY 10019. Has knowledge relating to Plaintiff's internal, external complaints, and PwC's reason for terminating Plaintiff. May be called as a witness.
- o   Arthur Chadwick. (408) 328-4400. Work address is 5451 Patrick Henry Drive, Santa Clara, CA 95054. Has knowledge relating to Plaintiff's internal complaints. May be called as a witness.
- o   Laura Bustamante c/o PwC. Has knowledge relating to Plaintiff's internal complaints. May be called as a witness.
- o   Mauro Botta. c/o Plaintiff's counsel. Expected to be called as a witness.

**II.      Pursuant to FRCP 26(a)(3)(A)(ii), Plaintiff submits the following:**

(ii) the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and

Please see attached hereto as Appendix A Plaintiff's identification of exhibits.

**III.      Pursuant to FRCP 26(a)(3)(A)(iii), Plaintiff submits the following:**

Please see attached hereto as Appendix B Plaintiff's identification of exhibits.

Date: January 22, 2021

Respectfully Submitted,

/s/Alexander G. Cabeceiras

Alexander G. Cabeceiras, Esq.
**DEREK SMITH LAW GROUP, PLLC**
*PRO HAC VICE*
*alexc@dereksmithlaw.com*
1 Penn Plaza, Suite 4905
New York, New York 10119
Phone: (212) 587-0760

Ingrid M. Evans, Esq. (SBN 179094)
**EVANS LAW FIRM, INC.**
3053 Fillmore Street #236
San Francisco, CA 94123
Phone: (415) 441-8669

# EXHIBIT B

John C. Hueston, State Bar No. 164921
*jhueston@hueston.com*
Moez M. Kaba, State Bar No. 257456
*mkaba@hueston.com*
Joseph A. Reiter, State Bar No. 294976
*jreiter@hueston.com*
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:   (213) 788-4340
Facsimile:   (888) 775-0898

Attorneys for Defendant
PRICEWATERHOUSECOOPERS LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURO BOTTA, | Case No. 3:18-CV-2615-AGT |
| Plaintiff, | **DEFENDANT PRICEWATERHOUSECOOPERS LLP'S WITNESS LIST** |
| v. | |
| PRICEWATERHOUSECOOPERS LLP, et al. | |
| Defendants. | |

Defendant PricewaterhouseCoopers LLP ("PwC") hereby submits its preliminary list of trial witnesses pursuant to Rule 26 of the Federal Rules of Civil Procedure.

PwC may present these witnesses (by live video or by deposition transcript). The list below does not mean that the witnesses are available or will necessarily appear at the trial. Rather, it reflects potential witnesses who may testify at the trial, other than witnesses who may be called solely for impeachment or rebuttal.

PwC reserves the right to supplement or amend this witness list, including in response to the testimony provided by Plaintiff Mauro Botta, who has the burden of proof, or his witnesses. PwC further reserves the right to call any witness named on Plaintiff's witness list. PwC also reserves the right to object to part or all of the testimony offered by any witness identified below on any ground consistent with the Federal Rules of Evidence, the Federal Rules of Civil Procedure, or the Local Rules of this Court. This witness list is subject to change based on PwC's ability to secure the attendance of certain witnesses (including witnesses who reside out of state).

Witnesses marked as "Possible Witness Only" are those who PwC may call only if their attendance can be procured and the need arises.

| Name | Form of Testimony | Possible Witness Only |
|------|-------------------|-----------------------|
| Botta, Mauro | Live | |
| Brown, Walter | Live | |
| Carey, Timothy | Live | X |
| Chitkara, Raman c/o Hueston Hennigan LLP, 523 W. 6th St. Los Angeles, CA 0114 | Live | X |
| Flemmons, Jason | Live | |
| Genc, Ergun | Live | X |
| Haavardtun, Stig | Live | |
| Healy, Kevin | Live | |
| Heatley, Robert | Deposition | |
| Hewitt, Shawna | Live | X |

| Nelson, Traci | Live | |
|---|---|---|
| Sarrett, Ed | Deposition | |
| Simon, Mark | Live | |
| Simonetti, Gil | Live | |
| Smith, Christopher Partner, PwC c/o Hueston Hennigan LLP, 523 W. 6th St. Los Angeles, CA 0114 | Live | X |
| Strasser, Robert Partner, SOAProjects 495 N. Whisman Road, Suite 100 Mountain View, CA 94043 | Live | |
| Thorson, Tye | Live or Deposition | X |

Dated:  January 22, 2021          HUESTON HENNIGAN LLP


By:  */s/ John C. Hueston*
　　　John C. Hueston
　　　Moez M. Kaba
　　　Joseph A. Reiter
　　　Attorneys for Defendant
　　　PRICEWATERHOUSECOOPERS
　　　LLP

1

## **PROOF OF SERVICE**

2          I am employed in the County of Los Angeles, State of California.  I am over the age of 18
and not a party to the within action.  My business address is 523 West 6th Street, Suite 400, Los
3    Angeles, CA 90014.

4          On January 22, 2021, I served the foregoing document(s) described as: **DEFENDANT
PRICEWATERHOUSECOOPERS LLP'S WITNESS LIST** on the interested parties
5    in this action as stated below:

6    Ingrid M. Evans                                              Alexander Gabriel Cabeceiras
     The Evans Law Firm, Inc.                              Derek Smith Law Group, PLLC
7    3053 Filmore Street, #236                             One Penn Plaza, Suite 4905
     San Francisco, CA 94123                             New York, NY 10119
8
     E-MAIL: ingrid@evanslaw.com                  E-MAIL: alexc@dereksmithlaw.com
9              lawclerk@evanslaw.com

10   ☒     (BY E-MAIL) By transmitting a true copy of the foregoing document(s) to the e-mail
           addresses set forth above.
11
           I declare under penalty of perjury under the laws of the State of California that the
12   foregoing is true and correct.

13         Executed on January 22, 2021 at Los Angeles, California.

14
                    Joseph A. Reiter                              /s/ *Joseph A. Reiter*
15   _____          _____
                  (Type or print name)                                  (Signature)

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

## Joseph A. Reiter

| | |
|---|---|
| **From:** | Joseph A. Reiter |
| **Sent:** | Wednesday, January 27, 2021 2:54 PM |
| **To:** | Alex Cabeceiras; John C. Hueston; Moez M. Kaba; Ervin Upton; Emily Griffin |
| **Cc:** | ingrid@evanslaw.com; paralegal@evanslaw.com; lawclerk@evanslaw.com; cairin@dereksmithlaw.com |
| **Subject:** | RE: 26(a)(3) Disclosure, et al |

Alex and Ingrid – I am writing to summarize our meet and confer this afternoon. Please respond to all open items by 10:00am PST on Friday.  We intend to raise the issues on which the parties do not agree with Judge Tse, so please also let us know your availability next week.

Plaintiff's Witness List

Plaintiff's witness list includes 31 separate individuals. I requested that Plaintiff provide a more realistic witness list consistent with the time split in this case (approximately 20 hours per side).

In response, you stated that Plaintiff only intends to call 8 witnesses (Traci Nelson, Stig Haavardtun, Tye Thorson, Walter Brown, Mayank Gupta, Ed Sarrett, Marco Botta, and Christopher Ludwig). However, it is not appropriate for Plaintiff to simultaneously reserve the right to call an additional 23 witnesses, 18 of whom were not even deposed in this case and Plaintiff has no reasonable expectation of calling. Plaintiff's approach deprives PwC of fair notice and the right to effectively prepare for trial.

Plaintiff's approach also unfairly burdens the more than 15 PwC employees on Plaintiff's "may call" list. PwC's employees cannot clear their schedule for two weeks based on the remote possibility that Plaintiff may want to call them to testify. Indeed, this trial is taking place in the middle of PwC's year-end busy season. Please be advised that PwC cannot agree to make the PwC employees on Plaintiff's "may call" list available at Plaintiff's request.  As for Traci Nelson, Stig Haavardtun, and Tye Thorson, I will check on their availability and get back to you.

You agreed to revisit Plaintiff's witness list and will let us know if there are any witnesses whom Plaintiff agrees to cut. I explained that, absent agreement on a narrowed list, PwC intends to raise this issue with the court.

We also propose that each side provide time estimates for the witnesses on their list. Please let us know if you agree.

Plaintiff's Deposition Designations

Plaintiff agreed to withdraw the designations of his own deposition testimony. If Plaintiff somehow becomes unavailable for trial under Fed. R. Civ. Proc. 32, the parties agree that each side has reserved its right to designate Plaintiff's deposition testimony.

Deposition Designations of Live Witnesses

I asked Plaintiff to agree that neither side will introduce deposition designations for witnesses who both sides have agreed will be testifying live.  At this time, that list includes Traci Nelson, Stig Haavardtun, and Tim Carey.

In response, you stated that a rule of California civil procedure or statute permits Plaintiff to use deposition designations for witnesses who will be testifying live.  It is our position and understanding that the federal rules, not California's, apply.  If you have contrary authority, please provide it.

You also stated that Plaintiff intends to present witnesses live and—once their testimony concludes—read their deposition designations into the record. Plaintiff's approach is duplicative and unnecessary. If a witness testifies live, you can ask them the questions posed at their deposition, and the deposition transcript can be used for impeachment. But the witness' testimony should conclude before they are excused. Plaintiff's approach would create the following inefficiencies: (1) Plaintiff calls and exams a witness live; (2) PwC conducts its examination; (3) the witness is excused; (4) Plaintiff reads into the record deposition testimony that it could have inquired about during the witness' live testimony; and (5) PwC is forced to recall that witness to answer questions based on the deposition testimony. Moreover, courts generally prefer live testimony. For these and similar reasons, courts routinely hold that it is inappropriate to designate deposition testimony for witnesses who testify live. *See Jordan v. Pugh*, 2007 WL 1552512, at *3 (D. Colo. May 22, 2007) (holding "use of deposition testimony is inappropriate" because a witness was "designated" and "available at trial"); *Gauthier v. Crosby Marine Serv., Inc.*, 752 F.2d 1085, 1089 (5th Cir. 1985) (affirming exclusion of deposition testimony where witness testified live).

Separately, but relatedly, Fed. R. Civ. Proc. 32(a)(3) limits Plaintiff to using the deposition testimony of a PwC "officer, director, managing agent, or designate under Rule 30(b)(6)." As I explained during our meet and confer, Traci Nelson's testimony does not qualify. *Ocampo v. HeiTech Servs., Inc.*, No. 19-CV-04176-KAW, 2020 WL 5545286, at *6 (N.D. Cal. Sept. 16, 2020) (holding that Chief Human Capital Officer was not managing agent because there was no evidence he had "substantial discretionary authority over decisions that ultimately determined corporate policy"). Likewise, the mere fact that Stig Haavardtun, Tim Carey, and Tye Thorson are PwC partners (of which there are thousands) does not make them an officer, director, or managing agent under Rule 32. *See MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 574 (S.D.N.Y. 2017) (rejecting argument that all PwC partners were managing agents).

You agreed to consider our request.

<u>Ed Sarrett</u>

Plaintiff previously stipulated that "he will not offer Mr. Sarrett's expert opinions or testimony regarding matters within Mr. Sarrett's specialized knowledge at any hearing or trial in this action including opinions or expert testimony regarding Plaintiff's alleged emotional distress." Dkt. 106. Despite this, Plaintiff now intends to call Mr. Sarrett as a witness at trial. I asked you to identify what type of testimony Mr. Sarrett could provide consistent with Plaintiff's stipulation. You stated that Mr. Sarrett would testify as a "fact witness." When I asked you to identify what type of information you believe constitutes fact v. expert testimony in this context, you refused to answer.

<u>Christopher Ludwig</u>

I asked you to withdraw Mr. Ludwig from your witness list because he was not properly disclosed in Plaintiff's initial disclosures. Plaintiff disclosed Mr. Ludwig for the first time in February 2020—more than a year after discovery closed on January 16, 2019. *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014) (affirming order excluding witnesses from trial who were disclosed 15 months after close of discovery). You refused to withdraw Mr. Ludwig as a witness.

<u>Miscellaneous</u>

You asked us to delete PwC's request for attorneys' fees in the joint pretrial statement. We will consider your request and get back to you tomorrow.

You asked why PwC had 2,000 exhibits. As I explained, PwC started its exhibit numbering at 1,000 because it did not know how many exhibits Plaintiff would have. PwC has nowhere near 2,000 exhibits. If you have further questions about PwC's exhibit list, please let me know.

I circulated PwC's edits and additions to the joint pretrial statement (excluding PwC's description of its defenses) yesterday. As you requested, PwC will circulate its description of its defenses tomorrow.

**Joseph A. Reiter**

_____

# HUESTON HENNIGAN LLP

D: 213.788.4536
jreiter@hueston.com
Biography

---

**From:** Alex Cabeceiras <alexc@dereksmithlaw.com>
**Sent:** Wednesday, January 27, 2021 5:04 AM
**To:** Joseph A. Reiter <jreiter@hueston.com>; John C. Hueston <jhueston@hueston.com>; Moez M. Kaba
<mkaba@hueston.com>; Ervin Upton <eupton@hueston.com>; Emily Griffin <egriffin@hueston.com>
**Cc:** ingrid@evanslaw.com; paralegal@evanslaw.com; lawclerk@evanslaw.com; cairin@dereksmithlaw.com
**Subject:** Re: 26(a)(3) Disclosure, et al

Joe - Give me a call if you'd like to discuss more today. Additionally, please provide your responses to the joint
statement by tomorrow night. We provided you a draft last week and have not received your proposed
changes.

- Plaintiff cannot reasonably expect to call all 31 individuals on his witness list, or even a meaningful portion, in
  the approximately 20 hours that Plaintiff has to present his case. Please provide a realistic witness list. We also
  propose that both parties provide time estimates for their witnesses. – **We don't plan to call all 31
  individuals. Please see where we state "expected to be called as witness." Those are the individuals we expect
  to call. All other witnesses likely will not be called but may be called in the event the need arises.**

- Plaintiff's witness list includes individuals not listed in Plaintiff's (or PwC's) initial disclosures: Christopher
  Ludwig, Steven Kessler, Patricia Lin, and Art Chadwick. Please confirm that Plaintiff agrees to withdraw these
  individuals from Plaintiff's witness list. _See Yeti by Molly, Ltd. v. Deckers Outdoor Corp._, 259 F.3d 1101, 1106 (9th
  Cir. 2001) ("Rule 37(c)(1) . . . forbid[s] the use at trial of any information required to be disclosed by Rule 26(a)
  that is not properly disclosed."). – **We listed Christopher Ludwig in prior disclosures. The rest are witnesses we
  likely won't call but may on rebuttal or if you refuse to agree to authenticate documents that have been
  produced in discovery, they may be necessary.**

- Plaintiff previously stipulated that "he will not offer Mr. Sarrett's expert opinions or testimony regarding matters
  within Mr. Sarrett's specialized knowledge at any hearing or trial in this action including opinions or expert
  testimony regarding Plaintiff's alleged emotional distress." Dkt. 106. As a result, we were surprised to see Mr.
  Sarrett's name on Plaintiff's witness list. Please explain what testimony, if any, you believe Mr. Sarrett can
  provide notwithstanding Plaintiff's stipulation. – **As we agreed to, we won't use Mr. Sarrett as an expert but
  will use him as a fact witness.**

- Plaintiff has designated his own deposition testimony when he is available for trial. _See_ Fed. R. Civ. Proc. 32.
  Please confirm that Plaintiff agrees to withdraw the designations of his own deposition testimony. – **We plan to
  designate his deposition testimony.**

- Plaintiff has designated deposition testimony for current and former PwC employees. Traci Nelson, Stig Haavardtun, Tim Carey, Tye Thorson, and Robert Heatley. Please confirm that Plaintiff agrees he will either designate deposition testimony or call a witness live, but not both. *See Jordan v. Pugh*, 2007 WL 1552512, at *3 (D. Colo. May 22, 2007) (holding "use of deposition testimony is inappropriate" because a witness was "designated" and "available at trial"); *Gauthier v. Crosby Marine Serv., Inc.*, 752 F.2d 1085, 1089 (5th Cir. 1985) (affirming exclusion of deposition testimony where witness testified live). **If you can agree to produce these individuals on the days and times we need them, without prior notice, we can agree to that.**


- Fed. R. Civ. Proc. 32(a)(3) limits Plaintiff to using the deposition testimony of a PwC "officer, director, managing agent, or designate under Rule 30(b)(6)." Traci Nelson's testimony does not qualify. *Ocampo v. HeiTech Servs., Inc.*, No. 19-CV-04176-KAW, 2020 WL 5545286, at *6 (N.D. Cal. Sept. 16, 2020) (holding that Chief Human Capital Officer was not managing agent because there was no evidence he had "substantial discretionary authority over decisions that ultimately determined corporate policy"); *cf. MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 574 (S.D.N.Y. 2017) (holding that PwC partners were not managing agents when they were not the "lead audit partner"). **We can agree to that so long as, again, you can agree to produce Traci Nelson on the necessary day and time.**


- Throughout this litigation – in his complaint, at summary judgment, and now in his pretrial disclosures – Plaintiff has consistently argued that he was retaliated against only for blowing the whistle on PwC's audits of Cavium and Harmonic.  Please confirm that Plaintiff agrees there will be no evidence, argument, or reference to his whistleblowing allegations regarding any other PwC audits or engagements, including any allegations in his SEC complaint that do not pertain to Cavium or Harmonic.  These allegations are irrelevant as a matter of law.  Plaintiff has no evidence that anyone at PwC ever knew of his allegations.  Moreover, if these allegations are introduced at trial, they will waste time and resources by requiring otherwise unnecessary witnesses and evidence.  – **We cannot agree to that.**


- Please confirm that there will be no evidence, argument, or reference to Plaintiff's allegations regarding the Covad engagement (discussed at paragraphs 16-25 in the amended complaint).  Plaintiff does not contend – nor could he – that he blew the whistle on Covad.  Moreover, Plaintiff's allegations about Covad relate to a former individual defendants, Laura Bustamante, who was dismissed with prejudice.  Plaintiff's allegations are irrelevant and will waste time and resources.  .  – **We cannot agree to that.**


- Plaintiff's defamation claim was dismissed more than two years ago. Dkt. 67. In dismissing that claim, the Court held that PwC's alleged conduct was privileged, and therefore cannot serve as the basis for liability or damages at trial. Please confirm Plaintiffs agreement that there will be no evidence, argument, or reference to the privileged conduct underlying his dismissed defamation claim (discussed at paragraphs 81-84 in the amended complaint). Plaintiff's allegations are irrelevant and will also waste of time and resources.  In addition, at the hearing on PwC's motion to dismiss you said that you were personally involved in the underlying facts.  Because Plaintiff is now trying to put those allegations at issue, and you are a fact witness, PwC would likely need to examine you at trial. .  – **We cannot agree to that.**

---

**From:** Joseph A. Reiter <[jreiter@hueston.com](mailto:jreiter@hueston.com)>
**Sent:** Monday, January 25, 2021 10:19 AM

**To:** Alex Cabeceiras <alexc@dereksmithlaw.com>; John C. Hueston <jhueston@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Ervin Upton <eupton@hueston.com>; Emily Griffin <egriffin@hueston.com>
**Cc:** ingrid@evanslaw.com <ingrid@evanslaw.com>; paralegal@evanslaw.com <paralegal@evanslaw.com>; lawclerk@evanslaw.com <lawclerk@evanslaw.com>; Cairin Sager <cairin@dereksmithlaw.com>
**Subject:** Re: 26(a)(3) Disclosure, et al

Alex - the purpose of the meet and confer is to narrow the issues that we would need to include in the pretrial statement. If you do not have time for a phone call, then please provide a written response to the items below. We can discuss any outstanding items on Wednesday. I am available anytime after 10:30am PST. We will circulate our edits to the pretrial statement in advance of the call.


Joseph A. Reiter

# HUESTON HENNIGAN LLP

D: 213.788.4536
jreiter@hueston.com
Biography

---

**From:** Alex Cabeceiras <alexc@dereksmithlaw.com>
**Sent:** Monday, January 25, 2021 4:45 AM
**To:** Joseph A. Reiter; John C. Hueston; Moez M. Kaba; Ervin Upton; Emily Griffin
**Cc:** ingrid@evanslaw.com; paralegal@evanslaw.com; lawclerk@evanslaw.com; cairin@dereksmithlaw.com
**Subject:** Re: 26(a)(3) Disclosure, et al

Joe - I'm fairly busy today and Tuesday. Let me know some dates and times later this week. Also, please send me your joint pretrial statement edits before any meet and confer so we can discuss any outstanding issues once.

---

**From:** Joseph A. Reiter <jreiter@hueston.com>
**Sent:** Sunday, January 24, 2021 9:08 PM
**To:** Alex Cabeceiras <alexc@dereksmithlaw.com>; John C. Hueston <jhueston@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Ervin Upton <eupton@hueston.com>; Emily Griffin <egriffin@hueston.com>
**Cc:** ingrid@evanslaw.com <ingrid@evanslaw.com>; paralegal@evanslaw.com <paralegal@evanslaw.com>; lawclerk@evanslaw.com <lawclerk@evanslaw.com>; Cairin Sager <cairin@dereksmithlaw.com>
**Subject:** RE: 26(a)(3) Disclosure, et al

Alex – I am writing to request a telephonic meet and confer on the following issues.  Please let me know your availability tomorrow or Tuesday.

- Plaintiff cannot reasonably expect to call all 31 individuals on his witness list, or even a meaningful portion, in the approximately 20 hours that Plaintiff has to present his case. Please provide a realistic witness list. We also propose that both parties provide time estimates for their witnesses.

- Plaintiff's witness list includes individuals not listed in Plaintiff's (or PwC's) initial disclosures: Christopher Ludwig, Steven Kessler, Patricia Lin, and Art Chadwick. Please confirm that Plaintiff agrees to withdraw these individuals from Plaintiff's witness list. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) . . . forbid[s] the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.").

- Plaintiff previously stipulated that "he will not offer Mr. Sarrett's expert opinions or testimony regarding matters within Mr. Sarrett's specialized knowledge at any hearing or trial in this action including opinions or expert

testimony regarding Plaintiff's alleged emotional distress." Dkt. 106. As a result, we were surprised to see Mr. Sarrett's name on Plaintiff's witness list. Please explain what testimony, if any, you believe Mr. Sarrett can provide notwithstanding Plaintiff's stipulation.

- Plaintiff has designated his own deposition testimony when he is available for trial. *See* Fed. R. Civ. Proc. 32. Please confirm that Plaintiff agrees to withdraw the designations of his own deposition testimony.

- Plaintiff has designated deposition testimony for current and former PwC employees. Traci Nelson, Stig Haavardtun, Tim Carey, Tye Thorson, and Robert Heatley. Please confirm that Plaintiff agrees he will either designate deposition testimony or call a witness live, but not both. *See Jordan v. Pugh*, 2007 WL 1552512, at *3 (D. Colo. May 22, 2007) (holding "use of deposition testimony is inappropriate" because a witness was "designated" and "available at trial"); *Gauthier v. Crosby Marine Serv., Inc.*, 752 F.2d 1085, 1089 (5th Cir. 1985) (affirming exclusion of deposition testimony where witness testified live).

- Fed. R. Civ. Proc. 32(a)(3) limits Plaintiff to using the deposition testimony of a PwC "officer, director, managing agent, or designate under Rule 30(b)(6)." Traci Nelson's testimony does not qualify. *Ocampo v. HeiTech Servs., Inc.*, No. 19-CV-04176-KAW, 2020 WL 5545286, at *6 (N.D. Cal. Sept. 16, 2020) (holding that Chief Human Capital Officer was not managing agent because there was no evidence he had "substantial discretionary authority over decisions that ultimately determined corporate policy"); *cf. MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 574 (S.D.N.Y. 2017) (holding that PwC partners were not managing agents when they were not the "lead audit partner").

- Throughout this litigation – in his complaint, at summary judgment, and now in his pretrial disclosures – Plaintiff has consistently argued that he was retaliated against only for blowing the whistle on PwC's audits of Cavium and Harmonic.  Please confirm that Plaintiff agrees there will be no evidence, argument, or reference to his whistleblowing allegations regarding any other PwC audits or engagements, including any allegations in his SEC complaint that do not pertain to Cavium or Harmonic.  These allegations are irrelevant as a matter of law.  Plaintiff has no evidence that anyone at PwC ever knew of his allegations.  Moreover, if these allegations are introduced at trial, they will waste time and resources by requiring otherwise unnecessary witnesses and evidence.

- Please confirm that there will be no evidence, argument, or reference to Plaintiff's allegations regarding the Covad engagement (discussed at paragraphs 16-25 in the amended complaint).  Plaintiff does not contend – nor could he – that he blew the whistle on Covad.  Moreover, Plaintiff's allegations about Covad relate to a former individual defendants, Laura Bustamante, who was dismissed with prejudice.  Plaintiff's allegations are irrelevant and will waste time and resources.

- Plaintiff's defamation claim was dismissed more than two years ago. Dkt. 67. In dismissing that claim, the Court held that PwC's alleged conduct was privileged, and therefore cannot serve as the basis for liability or damages at trial. Please confirm Plaintiffs agreement that there will be no evidence, argument, or reference to the privileged conduct underlying his dismissed defamation claim (discussed at paragraphs 81-84 in the amended complaint). Plaintiff's allegations are irrelevant and will also waste of time and resources.  In addition, at the hearing on PwC's motion to dismiss you said that you were personally involved in the underlying facts.  Because Plaintiff is now trying to put those allegations at issue, and you are a fact witness, PwC would likely need to examine you at trial.

Absent agreement, PwC intends to raise these issues with the court.


**Joseph A. Reiter**

_____

**HUESTON HENNIGAN** LLP

D: 213.788.4536
jreiter@hueston.com
Biography

---

**From:** Alex Cabeceiras <alexc@dereksmithlaw.com>
**Sent:** Saturday, January 23, 2021 4:15 AM
**To:** Joseph A. Reiter <jreiter@hueston.com>; John C. Hueston <jhueston@hueston.com>; Moez M. Kaba
<mkaba@hueston.com>; Ervin Upton <eupton@hueston.com>; Emily Griffin <egriffin@hueston.com>
**Cc:** ingrid@evanslaw.com; paralegal@evanslaw.com; lawclerk@evanslaw.com; cairin@dereksmithlaw.com
**Subject:** Re: 26(a)(3) Disclosure, et al

Counsel, obviously we'd like to speak to Mauro at trial. I've added his name to the attached doc. Thanks, and enjoy your weekends.

---

**From:** Alex Cabeceiras
**Sent:** Friday, January 22, 2021 9:59 PM
**To:** Joseph A. Reiter <jreiter@hueston.com>; John C. Hueston <jhueston@hueston.com>; Moez M. Kaba
<mkaba@hueston.com>; Ervin Upton <eupton@hueston.com>; Emily Griffin <egriffin@hueston.com>
**Cc:** Ingrid Evans <ingrid@evanslaw.com>; paralegal@evanslaw.com <paralegal@evanslaw.com>; Evanslaw Lawclerk
<lawclerk@evanslaw.com>; Cairin Sager <cairin@dereksmithlaw.com>
**Subject:** 26(a)(3) Disclosure, et al

Counsel, Pursuant to Judge Tse's Order, see attached Plaintiff's FRCP 26(a)(3) disclosure and deposition designations.

*Alexander G. Cabeceiras, Esq.*

DEREK SMITH LAW GROUP, PLLC

Attorneys at Law

One Penn Plaza, Suite 4905, New York, NY 10119 | (212) 587-0760

**This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. This Email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.**

---

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.