1  John C. Hueston, State Bar No. 164921
   *jhueston@hueston.com*
2  Moez M. Kaba, State Bar No. 257456
   *mkaba@hueston.com*
3  Joseph A. Reiter, State Bar No. 294976
   *jreiter@hueston.com*
4  HUESTON HENNIGAN LLP
   523 West 6th Street, Suite 400
5  Los Angeles, CA 90014
   Telephone:  (213) 788-4340
6  Facsimile:   (888) 775-0898

7  Attorneys for Defendant
   PricewaterhouseCoopers LLP
8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11

12  MAURO BOTTA,                          Case No. 3:18-CV-2615-AGT

13          Plaintiff,                    **DEFENDANT PWC'S MOTION *IN
                                          LIMINE* NO. 1 TO EXCLUDE
14      v.                                EVIDENCE OF IRRELEVANT PWC
                                          AUDITS AND CONDUCT**
15  PRICEWATERHOUSECOOPERS LLP,

16          Defendant.                    Judge:  Hon. Alex G. Tse
                                          Date:  February 16, 2021
17                                        Time: 2:00 p.m.

18

19

20

21

22

23

24

25

26

27

28

1

## DEFENDANT PWC'S MOTION *IN LIMINE* NO. 1

2      PLEASE TAKE NOTICE that on February 16, 2021 at 2:00 p.m., or as soon
3  thereafter as the matter may be heard before the Honorable Alex G. Tse, United States
4  Magistrate Judge, in Courtroom A of the United States District Court, Northern
5  District of California, San Francisco Division, 450 Golden Gate Avenue, San
6  Francisco, California 94102, Defendant PricewaterhouseCoopers LLP ("PwC") will
7  and hereby does move this court for an order pursuant to Federal Rules of Evidence
8  ("FRE") 402 and 403 excluding any and all evidence by testimony, exhibits,
9  references, or argument, relating to any of the allegations or audits mentioned in
10  Plaintiff Mauro Botta's Tip, Complaint, or Referral ("TCR") to the U.S. Securities and
11  Exchange Commission ("SEC") other than the allegations regarding Cavium, Inc. or
12  Harmonic, Inc.

13      This motion is based on this notice of motion, the memorandum of points and
14  authorities served and filed herewith, the Declaration of Joseph Reiter, the pleadings
15  and records on file herein, and upon such other and further argument as may be
16  presented to the Court at the hearing of this matter.

17

18  Dated: February 1, 2021                **HUESTON HENNIGAN LLP**

19

20                                    By: */s/ John C. Hueston*
21                                         John C. Hueston
                                          Attorneys for Defendant
22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.      INTRODUCTION

3

4

5

6

7

Defendant PricewaterhouseCoopers LLP ("PwC") respectfully requests an order excluding all evidence, argument, or reference to the allegations that Plaintiff Mauro Botta made in a Tip, Complaint, or Referral ("TCR") to the U.S. Securities and Exchange Commission ("SEC") other than his allegations pertaining to PwC's audits regarding Cavium, Inc. or Harmonic, Inc.

8

9

10

11

12

13

14

15

Plaintiff's allegations regarding other audits or conduct are irrelevant to his remaining whistleblower retaliation and breach of contract claims. Plaintiff did not plead these allegations in his First Amended Complaint, raise them during discovery, or assert them in his Opposition to PwC's Motion for Summary Judgment. The reason is simple: there is no evidence in the record that PwC knew of Plaintiff's other allegations before terminating Plaintiff's employment. Moreover, Plaintiff admits he has no personal knowledge of the alleged issues. His reckless accusations are based on inadmissible hearsay and speculation.

16

17

18

19

If Plaintiff's irrelevant allegations concerning other audits are admitted, they will waste judicial resources by requiring separate "mini-trials" and otherwise unnecessary evidence and witnesses. The substantial amount of time that these allegations will consume, far outweigh their probative value (there is none).

20

21

22

For these reasons and those discussed below, the Court should exclude all evidence, argument, or reference to Plaintiff's allegations in the TCR other than his allegations regarding Cavium or Harmonic.

23

## I.      RELEVANT BACKGROUND

24

25

26

27

28

In November 2016, while employed as a Senior Manager in PwC's Assurance Practice, Plaintiff filed a TCR with the SEC that alleged issues with PwC's "Tone at the top" and its audits of the financial statements and internal control over financial reporting for seven companies: (1) Cavium; (2) Harmonic; (3) Micron Technology, Inc.; (4) Blue Coat Systems; (5) Spansion, Inc.; (6) Broadcom, Inc.; and (7) Innovium.

- 4 -

5635682

1    Reiter Decl., Ex. 1.  Plaintiff categorized his allegations based on whether he had

2    "directly observed" the alleged issues, or obtained his purported knowledge

3    secondhand.  While Plaintiff claims to have personal knowledge of his allegations

4    regarding Cavium and Harmonic, he admits that his allegations regarding the other

5    five companies and PwC's "Tone at the top" (the "Other Allegations") are based on

6    "indirect evidence."  *See id.* at PLAINTIFF 165, 173.

7         Importantly, Plaintiff did not plead any of these "Other Allegations" in his First

8    Amended Complaint.  Nor did Plaintiff assert them in response to PwC's Motion for

9    Summary Judgment.  As Plaintiff recognizes and the record reflects, there is no causal

10   connection between Plaintiff's "Other Allegations" and his theory of retaliation.

11        Plaintiff has neither alleged nor presented any evidence that anyone who was

12   allegedly involved in his termination knew about his Other Allegations.  Plaintiff's

13   complaint alleges only that he raised concerns internally about Cavium (referred to as

14   "Company B" in his complaint) and Harmonic ("Company C"),[1] Dkt. 46 ¶¶ 32, 48,

15   while his summary judgment papers argue that he was retaliated against exclusively

16   for raising concerns about Cavium.  Dkt. 100–5 at 1:6–14.  Nor did PwC learn of

17   Plaintiff's Other Allegations from the SEC.  Of the seven companies listed in

18   Plaintiff's TCR, the SEC's letter to PwC mentioned only one: Cavium.  Reiter Decl.,

19   Ex. 2.

20        In short, Plaintiff has never argued—and has no evidence to show—that any

21   alleged PwC decisionmaker knew of his Other Allegations before his termination.

22   **I.    ARGUMENT**

23        Evidence of or reference to Plaintiff's Other Allegations should be excluded

24   because they are irrelevant and will waste this Court's and the parties' time.

25

26

27   [1] The FAC also mentions a "Company A," which refers to CCGI Holding Corp.
28   ("Covad").  Plaintiff's allegations regarding Covad are the subject of PwC's Motion *in Limine* No. 2 and also have nothing to do with his alleged whistleblowing.

## A.   Plaintiff's Other Allegations are Irrelevant

Evidence is irrelevant unless it has a tendency to make a fact of consequence in the action more or less probable.  Fed. R. Evid. 401.  Irrelevant evidence is not admissible at trial.  Fed. R. Evid. 402.  Here, Plaintiff's Other Allegations bear no relation to any fact of consequence in this action.

It goes without saying that an employer cannot retaliate against an employee for engaging in activity of which the employer is unaware.  *See Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 70 (2000) ("Essential to a causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity."); *Dowell v. Contra Costa Cty.*, 928 F. Supp. 2d 1137, 1156 (N.D. Cal. 2013) (same).

For this reason, courts have repeatedly held that whistleblower retaliation claims cannot proceed where the employer was unaware of the employee's whistleblower allegations.  *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1067–68 (9th Cir. 2002) (investigation that plaintiff facilitated could not support retaliation claim where "he produced no evidence to support that [his employer] knew" of his activities); *Rielly v. D.R. Horton, Inc.*, No. SACV 06-0867 AG(ANX), 2008 WL 4330299, at *1 (C.D. Cal. Sept. 17, 2008) (dismissing SOX whistleblower claim because "[the decision maker] had no knowledge that Plaintiff had been complaining about the savings reports"); *Dowell*, 928 F. Supp. 2d at 1156 (finding no causal link between protected activity and adverse action where defendants were unaware of plaintiff's activities).

As explained above, there is no evidence in the record that PwC was aware of Plaintiff's Other Allegations before his termination.  Plaintiff does not even attempt to allege otherwise; neither his operative complaint nor summary judgment papers mention his Other Allegations.  Plaintiff's Other Allegations are therefore irrelevant to his whistleblower retaliation claims.

The same is true of Plaintiff's breach of contract claim.  Plaintiff alleges that PwC breached his employment agreement by terminating his employment without first providing three months of notice.  FAC ¶¶ 75, 108–11.  His Other Allegations have

5635682

1  nothing to do with any fact of consequence to this claim.

2  Because Plaintiff's Other Allegations are irrelevant to his remaining claims, the
3  Court should exclude them pursuant to Fed. R. Evid. 402.

4  **B.     Plaintiff's Other Allegations Will Waste Time and Resources**

5  Plaintiff's allegations are legally irrelevant for the reasons discussed above.  In
6  addition, Plaintiff has conceded that he does not have personal knowledge of his
7  allegations. Reiter Decl., Ex. 1 at PLAINTIFF 173–178.

8  If Plaintiff is permitted to repeat his unfounded and reckless accusations at trial,
9  PwC will be forced to litigate a series of mini-trials regarding each of Plaintiff's
10 allegations and all five of the underlying audits to show that Plaintiff's allegations are
11 false.  Those mini-trials will require testimony from a large number of otherwise
12 unnecessary witnesses, and will consume an enormous amount of the Court's and the
13 parties' time and resources. Courts have recognized that evidence is properly excluded
14 under FRE 403 where, as here, it is likely to lead to "mini-trials" on matters with
15 minimal probative value.  *See Van v. Language Line Serv's, Inc.*, No. 14-CV-03791-
16 LHK, 2016 WL 3566980, at *3 (N.D. Cal. June 30, 2016) (granting motion *in limine*
17 to exclude evidence of previous audit of defendant because it was likely to lead to a
18 mini-trial into "the propriety of the conduct investigated in the [] audit"); *Hill v.
19 Goodfellow Top Grade*, No. 18-CV-01474-HSG, 2019 WL 4194277, at *2 (N.D. Cal.
20 Sept. 4, 2019) (granting motion *in limine* to exclude evidence of alleged misconduct,
21 where "Defendant would be forced to present evidence rebutting these allegations,
22 which have virtually no similarity" to the allegations at issue).

23 **III.   CONCLUSION**

24 Plaintiff's TCR makes allegations that are legally irrelevant and will waste
25 judicial resources if admitted at trial.  The Court should exclude evidence, argument,
26 or reference to any allegations in Plaintiff's TCR other than those that relate to PwC's
27 audits of the financial statements and internal control over financial reporting for
28 Cavium and Harmonic.

1   Dated: February 1, 2021                    **HUESTON HENNIGAN LLP**

2

3                                    By:  */s/ John C. Hueston*
                                         John C. Hueston
4                                        Attorneys for Defendant

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MIL NO. 1 TO EXCLUDE EVIDENCE OF IRRELEVANT PWC AUDITS AND CONDUCT
Case No. 3:18-CV-2615-AGT

5635682