John C. Hueston, State Bar No. 164921
jhueston@hueston.com
Moez M. Kaba, State Bar No. 257456
mkaba@hueston.com
Joseph A. Reiter, State Bar No. 294976
jreiter@hueston.com
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898

Attorneys for Defendant
PricewaterhouseCoopers LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURO BOTTA,<br><br>    Plaintiff,<br><br>    v.<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>    Defendant. | Case No. 3:18-CV-2615-AGT<br><br>**DEFENDANT PWC'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OF COVAD PEER REVIEW**<br><br>Judge: Hon. Alex Tse<br>Date: February 16, 2021<br>Time: 2:00 p.m. |

## **DEFENDANT PWC'S MOTION *IN LIMINE* NO. 2**

PLEASE TAKE NOTICE that on February 16, 2021 at 2:00 p.m., or as soon thereafter as the matter may be heard before the Honorable Alex G. Tse, United States Magistrate Judge, in Courtroom A of the United States District Court, Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant PricewaterhouseCoopers LLP ("PwC") will and hereby does move this court for an order pursuant to Federal Rules of Evidence ("FRE") 402 and 403 excluding any and all evidence by testimony, exhibits, references, or argument, relating to PwC's 2011 audit of the financial statements and internal control over financial reporting for CCGI Holding Corporation ("Covad" a/k/a "Company A" in the operative Complaint, *see* Dkt. 46 at ¶ 16), the 2013 peer review of the audit, and the resulting Internal Inspection Form.

This motion is based on this notice of motion, the memorandum of points and authorities served and filed herewith, the Declaration of Joseph Reiter, the pleadings and records on file herein, and upon such other and further argument as may be presented to the Court at the hearing of this matter.

Dated: February 1, 2021                                   **HUESTON HENNIGAN LLP**

                                                                            By: */s/ John C. Hueston*
                                                                                 John C. Hueston
                                                                                 Attorneys for Defendant

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendant PricewaterhouseCoopers LLP ("PwC") respectfully requests an order excluding all evidence, argument, or reference to the 2013 peer review of PwC's audit relating to Covad or the associated "Internal Inspection Form." *See* Dkt. 46 ¶¶ 16–26 ("FAC").

Plaintiff's allegations regarding the peer review and Internal Inspection Form relate to a former, individual Defendant—Laura Bustamante—whom the Court already dismissed from this action. Dkt. 67. They are irrelevant to Plaintiff's remaining whistleblower retaliation and breach of contract claims against PwC. Plaintiff has never alleged that he blew the whistle on Ms. Bustamante or that her alleged acts constitute retaliation or a breach of contract. Even if he tried to do so at this late stage, well-established law demonstrates that his allegations cannot support his claims.

For these reasons and those discussed below, Plaintiff's allegations have no probative value and should be excluded under Federal Rule of Evidence ("FRE") 402. Alternatively, these allegations should be excluded under FRE 403 because they will require separate and time-consuming mini-trials on PwC's Covad audit, the peer review, and the propriety of Ms. Bustamante's actions.

## II.  RELEVANT BACKGROUND

In April 2013, a third party conducted a peer review of PwC's audit of the financial statements and internal control over financial reporting for Covad. Dkt. 46 ¶ 17. The third-party concluded that certain portions of PwC's work papers were non-compliant with auditing standards. *Id.* ¶ 19.

PwC allegedly completed an "Internal Inspection Form" to document the findings. *Id.* ¶ 20. Plaintiff claims that a PwC Partner, Laura Bustamante, incorrectly listed Plaintiff's name on the form as "Leading Manager." *Id.* ¶ 21. When Plaintiff demanded that Ms. Bustamante remove his name, she declined. *Id.* ¶ 24.

Plaintiff's allegations are misleading. As the Internal Inspection Form accurately noted, Plaintiff performed the non-compliant work. Reiter Decl., Ex. 3. Indeed, Plaintiff signed the work papers at issue. *Id., see also* Ex. 4.

But even if Plaintiff's allegations were true, his contemporaneous emails admit that the Internal Inspection Form had no detrimental effect on him or his career. *Id.*, Ex. 5 ("Won't matter anyway"). Plaintiff also could not identify any such consequences at his deposition. *See id.*, Ex. 6 at 86:13–88:3.

Nor does Plaintiff allege that he ever attempted to blow the whistle on Ms. Bustamante's alleged acts. In November 2016, Plaintiff filed a Tip, Complaint, or Referral ("TCR") with the Securities and Exchange Commission that alleged issues with multiple PwC's audits. *Id.*, Ex. 1. The TCR did not mention Covad, the peer review, the Internal Inspection Form, or Ms. Bustamante. *Id.*

Despite this glaring absence, Plaintiff made allegations about these topics in his complaint. Dkt. 46 ¶¶ 17–26. Plaintiff also sued Ms. Bustamante as an individual defendant. *Id.*

On October 8, 2018, the Court dismissed Ms. Bustamante. Dkt. 67. Since then, the irrelevance of Plaintiff's allegations has not been disputed. When Plaintiff had the opportunity to depose Ms. Bustamante, he did not even bother to do so. Reiter Decl., Ex. 11. Plaintiff's summary judgment papers also do not mention Covad, the peer review, the Internal Inspection Form, or Ms. Bustamante. Dkt. 100–5.

## I.   ARGUMENT

Evidence of or reference to the peer review and Internal Inspection Form should be excluded because they are irrelevant and will waste this Court's and the parties' time and resources.

### A.   The Peer Review and Internal Inspection Form Are Irrelevant

To prevail on his whistleblower retaliation claims, Plaintiff must at least prove that (1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) a causal link between the protected activity and the employment action.

*See* 29 C.F.R. § 1980.104(e)(2) (SOX); *see also Patten v. Grant Joint Union High Sch. Dist.*, 134 Cal. App. 4th 1378, 1384 (2005) (Labor Code § 1102.5).

The peer review has nothing to do with any "fact of consequence" to these elements. Fed. R. Evid. 401. Plaintiff has never alleged that his concerns about Ms. Bustamante's actions amount to protected activity. Plaintiff's TCR does not mention Covad, the peer review, the Internal Inspection Form, or Ms. Bustamante. Reiter Decl., Ex. 1. Nor do Plaintiff's summary judgment papers. Dkt. 100–5 at 1:6–14.

Even if Plaintiff had tried to blow the whistle on Ms. Bustamante's alleged acts, he would not have engaged in protected activity. Because Covad was a *private* company at the relevant time, the Sarbanes-Oxley Act's whistleblower provisions do not apply to PwC's work on the Covad audit. *See* Reiter Decl., Ex. 4*; Lawson v. FMR LLC*, 134 S. Ct. 1158, 1159 (2014). Plaintiff also could not have engaged in protected activity under California law. While he allegedly challenged Ms. Bustamante's actions in 2013, he did not disclose his concerns to a government agency. *See* Dkt. 46 at ¶¶ 21–25; *Siazon v. Hertz Corp.*, No. 17-CV-05935-EMC, 2019 WL 1170778, at *16 (N.D. Cal. Mar. 13, 2019) ("Prior to 2014, an employee only engaged in protected conduct within the meaning of Section 1102.5 by disclosing information to a government agency.").[1]

Nor does Plaintiff contend that Ms. Bustamante retaliated against him by listing his name on the Internal Inspection Form. *See* Dkt. 46. According to Plaintiff, the first time he engaged in protected activity was in early 2015—years after the Internal Inspection Form—when he wrote a memo "outlining all his concerns on the Cavium audits." *See* Dkt. 100–5. His TCR was filed even later in 2016. *See* Reiter Decl., Ex. 1; *Boyd v. Accuray, Inc.*, 873 F. Supp. 2d 1156, 1170 (N.D. Cal. 2012) (rejecting argument that plaintiff's "protected activity under SOX began when he complained

---

[1] In addition, Plaintiff's allegations that his name was incorrectly listed on an internal form amount to—at most—violations of internal policy. *See Patten*, 134 Cal. App. at 1384–85 (report of "inappropriate conduct" concerned "internal personnel matters . . . rather than the disclosure of a legal violation" and was not protected).

- 5 -
MIL NO. 2 TO EXCLUDE EVIDENCE OF COVAD PEER REVIEW
Case No. 3:18-CV-2615-AGT

5635677

1  that Accuray … reported million [sic] of dollars in inflated assets" when his complaint
2  to the SEC was not made until later).

3        Plaintiff's only other remaining claim for breach of contract alleges that PwC
4  breached his employment agreement in August 2017 when it terminated his
5  employment without first providing three months of notice. Dkt. 46 ¶¶ 75, 108–11.
6  This claim also has nothing to do with the peer review or Internal Inspection Form.

7        **B.    Allegations Concerning the Peer Review and Internal Inspection**
8            **Form Will Waste Time and Judicial Resources**

9        Even if Plaintiff could prove that his allegations regarding Covad have some
10 probative value, evidence is properly excluded under FRE 403 where it is likely to
11 waste time and require separate mini-trials. *See Van v. Language Line Serv's, Inc.*,
12 2016 WL 3566980, at *3 (N.D. Cal. June 30, 2016) (excluding evidence of an audit;
13 noting the "danger of confusing the issues and wasting time with mini-trials regarding"
14 different events than those alleged in the case) (citations omitted); *Hill v. Goodfellow*
15 *Top Grade*, No. 18-CV-01474-HSG, 2019 WL 4194277, at *2 (N.D. Cal. Sept. 4,
16 2019) (granting motion *in limine* to exclude evidence of alleged misconduct, where
17 "Defendant would be forced to present evidence rebutting these allegations, which
18 have virtually no similarity" to the allegations at issue). A mini-trial on an unrelated,
19 ancillary issue is inevitable here if Plaintiff's allegations are admitted. PwC will be
20 forced to rebut Plaintiff's false and irrelevant allegations by litigating Plaintiff's work
21 on the Covad audit, the peer review, the Internal Inspection Form, PwC policies, and
22 the propriety of Ms. Bustamante's actions. This will require the admission of many
23 additional and unnecessary documents, issues, and witnesses (including Ms.
24 Bustamante) and will result in a substantial waste of time and resources.

25 **III.   CONCLUSION**

26       Plaintiff's allegations regarding the peer review and Internal Inspection Form
27 are legally irrelevant and will waste judicial resources. PwC respectfully requests that
28

the Court exclude any evidence, argument, or reference to Plaintiff's allegations at trial.

Dated: February 1, 2021                                   **HUESTON HENNIGAN LLP**

                                                          By: */s/ John C. Hueston*
                                                              John C. Hueston
                                                              Attorneys for Defendant