UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURO BOTTA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>　　　　Defendant. | Case No. 3:18-CV-2615-RS<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT PWC'S MOTIONS IN LIMINE NOS. 1-3** |

1    Currently before the Court are Defendant PricewaterhouseCoopers LLP's ("PwC") Motions in Limine (the "Motions"). This Court, having considered the Motions, all papers in support and opposition, the argument of counsel, and good cause appearing therefor, hereby **GRANTS** the Motions.

PwC's Motion in Limine No. 1 to Exclude Evidence of Irrelevant PwC Audits and Conduct: Plaintiff's allegations in this case have focused on two PwC audits: PwC's 2014 audit of Cavium, Inc. and PwC's 2015 audit of Harmonic, Inc. In Plaintiff's Tip, Complaint, or Referral ("TCR") to the U.S. Securities and Exchange Commission ("SEC"), however, Plaintiff raised allegations related to various other issues, including issues with PwC's audits of five other companies and PwC's "Tone at the Top" (collectively, the "Other Allegations").

The Court excludes any and all evidence by testimony, exhibits, references, or argument relating to Plaintiff's Other Allegations. Plaintiff's Other Allegations are irrelevant to the issues at trial because there is no evidence in the record that PwC knew of Plaintiff's Other Allegations before terminating him. *See* Fed. R. Evid. 402. Indeed, Plaintiff did not include his Other Allegations in his amended complaint or raise them at summary judgment. (Dkt. 46; Dkt. 100-5.) Moreover, Plaintiff's Other Allegations will waste time and resources, requiring mini-trials on all five of the audits underlying Plaintiff's Other Allegations. *See* Fed. R. Evid. 403.

PwC's Motion in Limine No. 2 to Exclude Evidence of Covad Peer Review: In 2013, Plaintiff performed work on the audit of Covad, a private company. *See* Dkt. 46 ¶¶ 16–26. A third party conducted a peer review of PwC's Covad audit and concluded that certain portions of PwC's work was non-compliant with auditing standards. *Id.* ¶¶ 17–19. Plaintiff alleges that PwC listed Plaintiff the "Leading Manager" on the engagement in an internal form documenting the findings. *Id.* ¶ 21. Plaintiff alleges that when he asked for his name to be removed, his request was denied. *Id.* ¶ 24.

The Court excludes any and all evidence by testimony, exhibits, references, or argument related to the 2013 peer review of PwC's audit relating to Covad. Plaintiff's

allegations regarding the Covad peer review are irrelevant because: (a) Plaintiff did not attempt to the blow the whistle on Covad and did not include Covad in his lengthy TCR; (b) Plaintiff's request to prevent himself from being listed as "Leading Manager" does not amount to protected activity; and (c) Plaintiff does not contend that he was retaliated against for his involvement in the Covad audit.  *See* Fed. R. Evid. 402.  Plaintiff's allegations related to Covad will also waste time and resources by requiring a mini-trial on the Covad audit.  *See* Fed. R. Evid. 403.

<u>PwC's Motion in Limine No. 3 to Exclude Evidence of Dismissed Defamation Allegations</u>:  Before an external auditor like PwC can rely on the work of third-party internal auditors, the auditor must "assess the competence and objectivity of the persons whose work the auditor plans to use." (PCAOB Auditing Standard 2201.18 (Nov. 15, 2007).)  Shortly after PwC terminated Plaintiff, Plaintiff was hired by an internal-auditing firm and began working on an internal-auditing engagement that was to be relied upon by PwC.  After Plaintiff refused to remove himself from the engagement, Plaintiff alleges that PwC partner Steven McCann told Plaintiff's employer that PwC "could not 'sign off on any work' Plaintiff does."  Dkt. 46 ¶ 81–83.  Based on these allegations, Plaintiff brought a defamation claim against PwC and Mr. McCann.  *Id.*  On PwC's motion to dismiss, the Court dismissed the defamation claim and held that PwC's conduct was privileged.  Dkt. 67 at 8.

The Court excludes any and all evidence by testimony, exhibits, references, or argument related to Plaintiff's allegations underlying his dismissed defamation claim.  Because the Court dismissed Plaintiff's defamation allegations and concluded that PwC's conduct was privileged, Plaintiff's defamation allegations are both factually and legally irrelevant.  *See* Fed. R. Evid. 402.  Moreover, Plaintiff's defamation allegations would introduce numerous time-consuming and unnecessary factual and legal issues into trial.  *See* Fed. R. Evid. 403.  In addition, Plaintiff's primary witnesss for his allegations—Christopher Ludwig—was not timely disclosed to PwC during discovery.  *See* Fed. R. Civ. Proc. 26.

For the reasons stated above, PwC's Motions are hereby **GRANTED.**

**IT IS SO ORDERED.**

Dated: _____ _____
Hon. Alex G. Tse
United States Magistrate Judge