INGRID M. EVANS, ESQ. (SBN 179094)
**EVANS LAW FIRM, INC.**
3053 Fillmore Street #236
San Francisco, CA 94123
Phone: (415) 441-8669
Fax: (888) 891-4906
Ingrid@evanslaw.com

ALEXANDER G. CABECEIRAS, ESQ.
**DEREK SMITH LAW GROUP, PLLC**
One Penn Plaza, Suite 4905
New York, New York 10119
Phone: (212) 587-0760
Fax: (212) 587-4169
alexc@dereksmithlaw.com
*Pro Hac Vice*

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| MAURO BOTTA,<br><br>　　　　　Plaintiff,<br><br>vs<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>　　　　　Defendant. | Case No. 3:18-cv-02615-AGT<br><br>**PLAINTIFF OBJECTIONS TO DEFENDANT'S MOTIONS *IN LIMINE***<br><br>Trial Date:　February 22, 2021<br>Time:　　　8:30AM<br>Courtroom:　Courtroom A, 15th Floor, United States District Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102<br>Judge:　　　The Hon. Alex G. Tse |

Plaintiff Mauro Botta ("Mauro" or "Plaintiff"), by and through his counsel, submits the following oppositions to Defendant PricewaterhouseCoopers LLP's ("PwC" or "Defendant") Motions *In Limine* (ECF Dckt. Nos. 145-147).

1

I. **OPPOSITION TO DEFENDANT PWC'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OF IRRELEVANT PWC AUDITS AND CONDUCT**

It is an undisputed fact that Mauro "filed a confidential Tip, Complaint, or Referral ("TCR") with the United States Securities and Exchange Commission ("SEC Complaint"). *See* Undisputed Fact No. 6, stipulated to by the parties in the Joint Pre-Trial Statement and Order dated February 1, 2021 ("JPTS"), Dkt. 141. The *unredacted* TCR itself is a Joint Exhibit of the parties. JX 4. *See* Appendix C to the JPTS, Dkt. 141-3. The complete contents of that TCR are relevant to this action. Plaintiff does not plan to "try" any of the other PwC audit engagements enumerated in the TCR but those allegations in the TCR are nevertheless relevant to the action, particularly with respect to Mauro's "reasonable belief" of misconduct. *Van Arsdale v. Int'l Game Technology*, 577 F.3d 989, 1001-1002 (9th Cir. 2009) (plaintiffs may be mistaken as to issues that still support their reasonable belief). Mauro's elaboration in the TCR of these other audit incidents is relevant to the formation of his reasonable belief of PwC misconduct.

Under Federal Rule of Evidence 401, evidence is relevant if it "has any tendency to make a fact more or less probable" and that fact "is of consequence in determining the action." Fed. R. Evid. 401. *Sandoval v. Cty. of San Diego*, No. 18-55289, 2021 WL 116539, at *5 (9th Cir. Jan. 13, 2021). In order for a plaintiff's external reporting to the SEC to constitute "protected activity," the plaintiff must have "(1) a subjective belief that the conduct being reported violated a listed law, and (2) this belief must be objectively reasonable." *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 1000 (9th Cir. 2009); *Rocheleau v. Microsemi Corp., Inc.*, 680 F. App'x 533, 535 (9th Cir. 2017) (This *reasonability* standard is similar under California Labor Code section 1102.5 claims.) *See also Patten v. Grant Joint Union High Sch. Dist.*, 134 Cal. App. 4th 1378, 1384 (2005). The inquiry into "whether an employee had a reasonable belief is

necessarily fact-dependent, varying with the circumstances of the case." *Erhart v. Bofi Holding, Inc.*, No. 15-CV-02287-BAS(NLS), 2016 WL 5369470, at *10 (S.D. Cal. Sept. 26, 2016).

Mauro experienced Defendant's systemic and accumulated failures on the job. He witnessed on-going conflicts of interest in the course of audit engagements, and formed a reasonable view of Defendant's gross inability to conduct an independent audit. Mauro's experience spanned years of audits of public and private companies and his reasonable beliefs of what was right and what was wrong was based on those accumulated experiences. Given Mauro's experience of these accumulating and systemic audit problems Mauro reasonably believed he should disclose the misconduct to the SEC. His reasonable beliefs were based on his repeated, on-the-job encounters and concerns:

- "*I do not believe the role of an auditor is to act as defense attorney of management nor to find in every way possible how to avoid to issue them a material weakness, but simply to apply the rules that we are required to operate in…*"

- Mauro points out the broader problems of companies listed in his TCR and Defendant's continued conflict of interest: "*paying us the fees and auditors picking and choosing what to call an audit issue to avoid to upset the very same management that we are supposed to audit by issuing harsher control opinions.*"

- "*Based on my experience, conversations with current and former employees and the evidence noted above, I'd like to recommend to the SEC to have an enforcement team to inspect a sample of audit jobs in [Defendant's San Jose] office…*"

- Mauro's other point is that Silicon Valley "*is an extremely close valley where most finance personnel tend[] to move around frequently among companies.*"

(*See* Dkt No. 148-1).

When the inevitable question is asked of Mauro—by both sides of counsel—*why did you blow the whistle on Cavium, Harmonic, and PwC?* Mauro's answer will help the Court determine if Mauro's beliefs were objectively reasonable, particularly in light of on-going

systemic failures in PwC's audit engagements. His answer will inevitably require him to share facts of things he has seen on other audits and Defendant's responses to the same. His "reasonable beliefs" are formed on the basis of prior experiences. *Van Arsdale v. Int'l Game Technology*, 577 F.3d 989, 1001-1002 (9th Cir. 2009); *Erhart v. Bofi Holding, Inc.*, No. 15-CV-02287-BAS(NLS), 2016 WL 5369470, at *10 (S.D. Cal. Sept. 26, 2016). This information is completely relevant to whether Mauro's beliefs were objectively reasonable. Objective reasonableness "is evaluated based on the knowledge available to a reasonable person in the same factual circumstances with the same training and experience as the aggrieved employee." *Harp v. Charter Commc'ns, Inc*., 558 F.3d 722, 723 (7th Cir. 2009). Thus, Plaintiff is required to share evidence regarding the factual circumstances surrounding his internal and external whistleblowing of Cavium, Harmonic, and PwC as a whole (which inevitably may require discussing auditing improprieties PwC tolerated outside Harmonic and Cavium). Limiting Mauro to only share with the Court two companies he witnessed auditing improprieties on would be limiting his ability to explain his position to the Court.

Plaintiff's counsel has no plan to painstakingly review every audit issue Defendant has overlooked, but Mauro must share with the Court his beliefs, how he came to those beliefs, and share how information regarding prior auditing improprieties and PwC's responses has formed his reasonable beliefs. Thus, Defendant's Motion *In Limine* should be **DENIED**.

> II. **OPPOSITION TO PWC'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OF COVAD PEER REVIEW**

Plaintiff alleged in his First Amended Complaint and will testify at trial that the incorrect 2013 Covad peer review was yet another instance of Defendant finalizing incorrect client work and then refusing to recall the incorrect work because of the "political capital" that might be

4

Case No.  3:18-cv-02615-AGT        PLTFF OBJ TO DEFENDANT MOTIONS IN LIMINE

expended with the client, Covad.  *See* Plaintiff's First Amended Complaint ("FAC"), Dkt. 46 at ¶¶ 16-26 ("Company A").  Mauro's experience with the Covad project is relevant because it is part of Mauro's experience at PwC that formed his beliefs regarding Defendant's toleration for inaccurate and erroneous information in its reports when corrections might result in the loss of "political capital" with a client.  This evidence is thus entirely relevant under Fed. R. Evid. 401. *Sandoval v. Cty. of San Diego*, No. 18-55289, 2021 WL 116539, at *5 (9th Cir. Jan. 13, 2021). The inquiry into "whether an employee had a reasonable belief is necessarily fact-dependent, varying with the circumstances of the case." *Erhart v. Bofi Holding, Inc.*, No. 15-CV-02287-BAS(NLS), 2016 WL 5369470, at *10 (S.D. Cal. Sept. 26, 2016).

      Defendant's Second Requested Motion In Limine fails for the same reasons as the first (i.e. what Mauro experienced while working for Defendant is relevant and helpful for the finder-of-fact). Defendant's attempt to argue the merits of what the Covad evidence may or may not show is inappropriate on a motion *in limine*. Courts do not use motions *in limine* to resolve factual disputes or to weigh evidence. *Hoist Fitness Sys. v. Tuffstuff Fitness, Inc.*, Case No. ED CV 17-01388-AB, 2019 U.S. Dist. LEXIS 209987 (C. D. Cal. Aug. 27, 2019) at *9; *C&E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008) ("[A] motion *in limine* should not be used to resolve factual disputes or weigh evidence.").  *See also Thuy Van v. Language Line Servs,* Case No. 14-cv-03791-LHK, 2016 U.S. Dist. LEXIS 85620 (June 30, 2016, N.D. Cal.) ("Relevant evidence means evidence having 'any tendency' to make the existence of any 'fact [that] is of consequence' to the determination of the action more probable or less probable than it would be without the evidence.").

      Thus, for the same reasons articulated above with respect to Defendant's First Motion *In Limine*, Defendant's Second Motion *In Limine* should be **DENIED**.

### III. OPPOSITION TO PWC'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OF DISMISSED DEFAMATION ALLEGATIONS

Plaintiff is entitled under Sarbanes-Oxley to seek all relief necessary to make him whole after Defendant's wrongful termination of his employment.  18 U.S.C. § 1514A(c)(2).

That relief includes, but is not limited to, reputational harm, humiliation, emotional pain and suffering, and mental anguish. *See Lockheed Martin Corp. v. Admin. Review Bd., U.S. Dep't of Labor*, 717 F.3d 1121, 1137 (10th Cir. 2013).  ("In light of SOX's plain text and the foregoing considerations, we find that the statute affords noneconomic compensatory damages, including emotional distress and reputational harm. SOX affords *all* relief necessary to make the employee whole [emphasis added], and we think Congress meant what it said." *Halliburton, Inc. v. Admin. Review Bd.*, 771 F.3d 254, 266 (5th Cir. 2014) (internal quotations omitted)). Since the relief is a recognized quantum of damages, Mauro is entitled to introduce evidence of reputational harm as part of the damages to which he is entitled.  Defendant's attempt to argue the merits of this evidence and mischaracterize it as a renewal of the defamation count should be rejected.  Under Ninth Circuit principle, the standard for what evidence is relevant on a motion *in limine* is broad:

> Judges have broad discretion when ruling on motions in limine. However, a motion *in limine* should not be used to resolve factual disputes or weigh evidence. To exclude evidence on a motion *in limine*, the evidence must be inadmissible on **all potential grounds. Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.** This is because although rulings on motions *in limine* may save time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility *of evidence.*

*Hana Fin., Inc.v. Hana Bank*, 735 F.3d 1158, 1162 fn. 4 (9th Cir. 2013) (emphasis added).

The evidence at issue is relevant to Mauro's damages claim for reputational harm, humiliation, and embarrassment. Since being wrongfully terminated, Mauro has had a black-

6

cloud follow him from employer-to-employer. As Mauro will testify to, Mauro was employed at SOAProjects. At that time, SOAProject and PwC had the same client. Defendant reached out to the overlapping client and informed them they could not sign-off on any of Mauro's work. Mauro will testify that PwC's adverse action deprived Mauro of the ability to work on any PwC-related accounts.  As Mauro will testify, PwC **continues to contact Mauro's employer**, disparage his character, hinder his ability to work on jobs, and create a professional rift between Mauro and his employers. All these facts, including the facts Defendant is seeking to exclude from Plaintiff's Amended Complaint, are relevant to Mauro's reputational harm, emotional distress, and humiliation.

The above actions taken by Defendant, including the ones outlined in Mauro's Amended Complaint, also support a finding that Defendant continues to subject Mauro to adverse employment actions. These actions "that carry a significant risk of humiliation, damage to reputation, and a concomitant harm to future employment prospects may be considered adverse actions." *Walton v. New Mexico State Land Office*, 113 F. Supp. 3d 1178, 1191 (D.N.M. 2015).

PwC's actions have diminished Mauro's future earning capacity, too. When reputational injury caused by an employer's unlawful discrimination diminishes a plaintiff's future earnings capacity, they cannot be made whole without compensation for the lost future earnings they would have received absent the employer's unlawful activity. *Hanna v. WCI Communities, Inc.*, 348 F. Supp. 2d 1332, 1334 (S.D. Fla. 2004). Defendant's adverse employment actions continue to diminish Mauro's future earning capacity, continue to cause stress, and continue to harm his reputation in the industry.

The fact that Defendant reaches out to Mauro's new employers is a necessary, relevant fact that goes directly to Mauro's damages in this matter. Thus, the portions of the Amended Complaint Defendant seeks to limit are relevant to Mauro's damages and cannot be excluded. Defendant's Third Motion *in Limine* should be **DENIED.**

**CONCLUSION**

For the aforementioned reasons, all three of Defendant's Motions *in Limine* should be **DENIED.**

Dated: February 8, 2021

Respectfully Submitted,

*Alex Cabeceiras*
Alexander G. Cabeceiras, Esq.
**DEREK SMITH LAW GROUP, PLLC**
*PRO HAC VICE*
*alexc@dereksmithlaw.com*
1 Penn Plaza, Suite 4905
New York, New York 10119
Phone: (212) 587-0760

Ingrid M. Evans, Esq. (SBN 179094)
**EVANS LAW FIRM, INC.**
3053 Fillmore Street #236
San Francisco, CA 94123
Phone: (415) 441-8669

*Attorneys for Plaintiff*