# DX1595

1  ALEXANDER G. CABECEIRAS, ESQ.
2  **DEREK SMITH LAW GROUP, PLLC**
   One Penn Plaza, Suite 4905
3  New York, New York 10119
   Phone: (212) 587-0760
4  Fax: (212) 587-4169
   alexc@dereksmithlaw.com
5  *APPEARANCE PRO HACE VICE*

6

7             IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
8                    SAN FRANCISCO DIVISION

9  ---------------------------------------------------------X
   MAURO BOTTA,
10                Plaintiff,
                                           Civil Case No: 3:18-cv-2615
11     -against-

12

13  PRICEWATERHOUSECOOPERS LLP,

14                Defendants.

15  ---------------------------------------------------------X

16    **PLAINTIFF'S RESPONSES TO FIRST REQUEST FOR INTERROGATORIES**

17

18                    **PRELIMINARY STATEMENT**

19      These responses and objections ("Responses") reflect on the current state of Plaintiff's

20  knowledge, understanding, and belief with regard to matters about which inquiry has been made.

21  Discovery in this case is not complete, and, consequently, Plaintiff continues to investigate the

22  facts relating to the above-captioned action. These Responses are therefore based upon

23  information that is presently available to Plaintiff and his attorney. Further, these Responses are

24  given without prejudice to Plaintiff's right to produce, use or rely on at any time, including at

25  trial, evidence, facts, documents, things or information that is subsequently discovered, the

26

27

28

relevance of which has not yet been determined, or which was omitted from these objections by inadvertence, mistake, or otherwise. Plaintiff reserves the right to modify these Responses as additional facts are ascertained, analyses are made, legal research is completed, and contentions are asserted. Plaintiff also reserves the right to modify these Responses in the event that it determines that any information was omitted from them inadvertently.

Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any grounds that would require exclusion of any Responses herein if it were introduced in court. All objections and grounds are therefore expressly reserved and may be interposed at the time of trial. This Preliminary Statement shall apply to each and every Response given herein, and shall be incorporated by referenced as though set forth fully in each Response below.

**INTERROGATORY NO. 1:** IDENTIFY each and every individual who YOU claim knew at the time of YOUR termination from PWC that YOU were "a *bona fide* whistleblower," as alleged in Paragraphs 93 and 98 of the COMPLAINT.

**RESPONSE: OBJECT. Plaintiff objects as to use of the term "*bona fide* whistleblower" is vague and may call for a legal conclusion. To the extent Plaintiff made both internal and external complaints about perceived unlawful activity, and is therefore, a "*bona fide* whistleblower," for purposes of responding to this interrogatory and without waiver of the aforementioned objection, Plaintiff responds as follows:**
**Timothy Carey, Ergun Genc, Stig Haavardtun, Traci Nelson, Shawna Hewitt, Shannon Odam, Robert Heatley, Kevin Healy, Rishi Jobanputra, Sameer Shirsekar, Denis Kozhevnikov, Mike Brandstetter, Brian Dalton, James Sergi, Umit Ozdemir, Mert Turkoglu, Jooree Na, Jungrye Lee, Joseph Brashear, Vykintas Striuzas, Robyn Diamond, Ai-Li Shao, Timothy Scott, Gil Simonetti III, Marc Panucci, Keith Steel, Craig Tynes, Thang Pham, Mayank Gupta, Alan Woolery, Christopher J Smith, Paul Sawyer, Michael Bayer, Trudy Doucet, Kevin Hasegawa, Anne-Marie Vitale, Maurizio Baratta, Luca Baratta, Francesco Ferrara, Marco Botta, Martino Botta, Maria Rosa Rigamonti, Leonardo Cadeddu, Carlo Croce, Andrea Martinelli, Adriano Antonini, Paolo Caccini, Giorgio Greco, Andrea Brivio, Gabriele Scuratti, Alessandro Martini, Andrea Gallino, Alisher Zokhidov, Deepak Bhandarkar, Eric Chan, Eric Schaefer, Hazem Elnahas, Henrik Gerdes, Johan Heyns, John Shippy, Johnny Choi, Ofir Fatal, Rajindra Gunasekera, Kenneth Kong, Michael Fitzsimons, Harsh Rungta, Scott Almassy, Mariaan Badenhorst, Liran Sender, Patrick McNamara, Nipun Malhotra, Raffaele Perrone, Rob Ward, Tarun Arora, Tye Thorson, Johan Furstenberg, and Mari Mazour.**

**INTERROGATORY NO. 2:** For each individual identified in response to Interrogatory No. 1, IDENTIFY all facts, including, but not limited to, all DOCUMENTS and witnesses, supporting your contention that the individual knew at the time of YOUR termination from PWC that YOU were a "*bona fide* whistleblower."

**RESPONSE: OBJECTION. Plaintiff objects to this request and overly broad, unduly burdensome, and further objects as it seeks information already in Defendants' possession. To the extent Plaintiff can respond and without waiver of the aforementioned objection, Plaintiff responds as follows: Please refers Defendants to documents previously provided Bate Stamped No. PLAINTIFF 165 – 178, 214 – 227, 233 – 235, 544 – 564, 575 – 588, 601 – 603, 751 – 757, 789 – 805, 1237 – 1248, 1340 – 1344, 1484 – 1490. Plaintiff is unable to identify precise dates and circumstances surrounding each individual listed in Response No. 1. Additionally, Plaintiff refers Defendants to any "Same Time" conversations that may be already in Defendants' possession.**

**INTERROGATORY NO. 3:** IDENTIFY each and every individual who YOU claim "engaged in unlawful retaliatory employment practices" against YOU, as alleged in Paragraphs 93 and 98 of the COMPLAINT.

**RESPONSE: OBJECTION. Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and seeks information already in Defendants' position. To the extent Plaintiff can answer and without waiver of the aforementioned objection, Plaintiff responds as follows: Plaintiff cannot possibly know the extent of the retaliatory acts that Defendants have subjected him to. To the extent Plaintiff can respond, Plaintiff believes Steve McCann, Tim Carey, Kevin Baldwin, Shawna Hewitt, Ergun Genc, Laura Bustamante, Deepak Bhandarkar, Stig Haavardtun, Traci Nelson, and Tye Thorson. Plaintiff reserves the right to supplement this response once fact discovery is completed.**

**INTERROGATORY NO. 4:** IDENTIFY the date of each act of retaliation that YOU CLAIM the individuals identified in Interrogatory No. 2 engaged in.

**RESPONSE: OBJECTION. OBJECTION. Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and seeks information already in Defendants' position. To the extent Plaintiff can answer and without waiver of the aforementioned objection, Plaintiff responds as follows: Defendant PwC and Defendant's representatives retaliated against Plaintiff in a myriad of ways for objecting to perceived and/or actual unlawful activity, including by telling Plaintiff via a performance review that Plaintiff was "an emotional Italian guy," that Plaintiff "throws partners under the bus," and that Plaintiff has to "suck it up"; by giving Plaintiff negative performance reviews; by terminating Plaintiff; by reprimanding Plaintiff for reporting perceived and/or actual unlawful activities; by discouraging Plaintiff from reporting perceived and/or actual unlawful activities both internally and externally; by removing Plaintiff from engagements; by rating Plaintiff as "insufficient" and "not operating at a Senior Manager Level,"; by not giving Plaintiff new**

engagements or auditing jobs to work on; by threatening to terminate Plaintiff; by refusing to allow Plaintiff to work on client matters that he himself brought in; by blacklisting Plaintiff in the auditing industry and making it difficult for Plaintiff to continue to work as an auditor.

**INTERROGATORY NO. 5**: IDENTIFY each and every individual who YOU claim engaged in unlawful activities on which YOU claim YOU blew the whistle.

**RESPONSE:** Steve McCann, Tim Carey, Kevin Healy, Kevin Baldwin, Shawna Hewitt, Tim Ryan, Ergun Genc, Laura Bustamante, Deepak Bhandarkar, Stig Haavardtun, Anne-Marie Vitale, Traci Nelson, and Tye Thorson.

**INTERROGATORY NO. 6**: IDENTIFY each and every individual who YOU claim engaged in fraudulent activities on which YOU claim YOU blew the whistle.

**REPSONSE:** Tye Thorson, Alan Woolery, Laura Bustamante, Deepak Bhandarkar, Ergun Genc, Stig Haavardtun, Kenneth Kong, Rishi, Kevin Baldwin, Shawna Hewitt, Traci Nelson, Anne-Marie Vitale, Art Chadwick, Suzy Seandel, Scott Almassy, Tina Knauss, Wendy Jackson, Kevin Elek, Carolyn Sucha, Congyi Fan, and Burak Gokoglu. Please refers Defendants to documents previously provided Bate Stamped No. PLAINTIFF 165 – 178, 214 – 227, 233 – 235, 544 – 564, 575 – 588, 601 – 603, 751 – 757, 789 – 805, 1237 – 1248, 1340 – 1344, 1484 – 1490.

**INTERROGATORY NO. 7**: IDENTIFY each and every medical or mental health provider from whom you have sought medical or mental health treatment since January 1, 2012.

**RESPONSE: OBJECTION. Plaintiff objects to this interrogatory to the extent it is overly broad in subject matter and temporal scope and seeks irrelevant information. To the extent Plaintiff can answer and without waiver of the aforementioned objection, Plaintiff responds as follows:**
- Sports Orthopedics and Rehabilitation Medicine Associates;
- Dr. Anthony Saglimbeni;
- Ed Sarrett;
- Santa Clara Valley Medical;
- Los Gatos Dental Group;
- 20/20 Optometry;
- Dr. Anthony Badame;
- Dr. Richard Trevino.

**INTERROGATORY NO. 8**: IDENTIFY all medication, drugs or any other palliative products YOU have taken or were prescribed or instructed to take by a medical or mental health professional including, but not limited to, the dates, quantities, dosages, prescribing professional, and any other information pertaining to when and how you consumed such medicines, drugs or palliative products from January 1, 2012 to the Present.

**RESPONSE: OBJECTION.** Plaintiff objects to this interrogatory to the extent it is overly broad in both subject matter and temporal scope and seeks irrelevant information. To the extent Plaintiff can answer and without waiver of the aforementioned objection, Plaintiff responds as follows:
- Vitamin D 4000 units a day. Plaintiff does not recall the dates;
- Folic Acid 1 Mg a day. Plaintiff does not recall the dates;
- Plaintiff believes in or around January of 2018 he had a flu and took Novalgina for 3 days, along with Tachipirina and Tamilflu.

**INTERROGATORY NO. 9:** IDENTIFY all facts, including, but not limited to, all DOCUMENTS and witnesses, supporting your contention that YOU suffered "severe emotional distress" as alleged in Paragraph 86 of the COMPLAINT.

**RESPONSE: OBJECTION.** Plaintiff objects to this interrogatory to the extent it is overly broad. To the extent Plaintiff can answer and without waiver of the aforementioned objection, Plaintiff responds as follows: As a result of Defendants' retaliation, Plaintiff became very depressed and has had suicidal ideations. Plaintiff has been seeing a therapist consistently to deal with the severe emotional distress. As a result of Plaintiff's severe emotional distress, Plaintiff has and still has suicidal ideations, a lack of a sense of purpose and self-worth, depression, and feelings of isolation. Physical ailment included weight gain, back issues, and a dysfunctional diet. Additionally, please see Plaintiff's response to interrogatory No. 7 and 8. In addition to medical providers, Plaintiff has discussed and is currently discussing his emotional distress with the following individuals: Mike Brandstetter, Brian Dalton, James Sergi, Umit Ozdemir, Mert Turkoglu, Jooree Na, Vykintas Striuzas, Keith Steel, Craig Tynes, Thang Pham, Mayank Gupta, Paul Sawyer, Michael Bayer, Kevin Hasegawa, Maurizio Baratta, Luca Baratta, Francesco Ferrara, Marco Botta, Martino Botta, Maria Rosa Rigamonti, Leonardo Cadeddu, Carlo Croce, Andrea Martinelli, Alessandro Martini, Andrea Gallino, Alisher Zokhidov Eric Chan, Eric Schaefer, Johan Heyns, Johnny Choi, Ofir Fatal, Rajindra Gunasekera, Patrick McNamara, and Raffaele Perrone. Plaintiff further refers Defendants to any and all medical records previously exchanged including SARRETT 000001 – 000052, SCVMC 00005 – 00046, SAGLIMEBNI 00001 – 00022.

**INTERROGATORY NO. 10:** IDENTIFY all symptoms, manifestations, or indications of the "severe emotional distress" alleged in Paragraph 86 of the COMPLAINT.

**RESPONSE:** Plaintiff has had and still has suicidal ideations, a lack of a sense of purpose and self-worth, depression, feelings of isolation. Physical ailment included weight gain, back issues, and a dysfunctional diet.

**INTERROGATORY NO. 11:** For each symptom, manifestation, or indication identified in response to Interrogatory No. 10, IDENTIFY the dates you first experienced and last experienced the symptom, manifestation, or indication.

**RESPONSE:** In or around June of 2017 Plaintiff began to feel a lack of self-worth and sense of purpose, and depressed. Plaintiff continues to experience these symptoms every day. In June of 2017, Plaintiff began to feel suicidal. Plaintiff continues to experience these symptoms every day. In or around June of 2017, Plaintiff's physical ailments, including weigh gain, back issues, and a dysfunctional diet, began. Plaintiff continues to experience these symptoms every day.

**INTERROGATORY NO. 12:** IDENTIFY all facts, including, but not limited to, all DOCUMENTS and witnesses, supporting your contention that YOU suffered "physical ailments" as alleged in Paragraph 86 of the COMPLAINT.

**RESPONSE:** Plaintiff has discussed his physical ailments with his health care providers. As a result of the severe emotional distress and manifested physical ailments, Plaintiff continues to gain weight, has had back pain, and a dysfunctional diet. Plaintiff further refers Defendants to all medical documentation previously provided to Defendants including documents marked SARRETT 000001 – 000052, SCVMC 00005 – 00046, SAGLIMEBNI 00001 – 00022.

**INTERROGATORY NO. 13:** If YOU contend that YOU have suffered a loss of income as a result of YOUR termination from PWC, IDENTIFY the amount of past and future income you have lost and all facts, including, but not limited to, all DOCUMENTS and witnesses, supporting your contention.

**RESPONSE:** Upon being terminated by Defendants, Plaintiff lost his 401K Plan and yearly bonus (which was typically around $15,000.00). Additionally, because Defendants' continue to blacklist Plaintiff in the auditing industry, Plaintiff's long-term earning capacity is in jeopardy. Additionally, Plaintiff believes he would have achieved partnership at PwC, had PwC not retaliated against him. Thus, Plaintiff has lost the opportunity to earn $400,000.00 per year as a partner at PwC.

**INTERROGATORY NO. 14:** If you contend that you were "pressured" to sign an Evidence Gathering Activity ("EGA") or Summary of Aggregated Deficiencies ("SAD") in your role as a Senior Manager at PWC, identify the particular EGA(s) and/or SAD(s) and all facts, including, but not limited to, all DOCUMENTS and witnesses, supporting your contention that you were pressured to sign it.

**RESPONSE: OBJECTION.** Plaintiff objects to this interrogatory as vague in use of the term "pressured" and in that it seeks information already in Defendants' possession. To the extent Plaintiff can respond and without waiver of the aforementioned objection, Plaintiff responds as follows:
- Plaintiff felt generally "pressured" in signing off on all documents relating to the Cavium audits [(SAD, checklist completion, etc.]. Plaintiff felt generally pressured by TYE THORSON and ROBERT HEATLEY. Witnesses could include all Defendants' employees who knew about Plaintiff's complaints with respect to the

Cavium audits, employees at Cavium, and other Senior Managers or Managers working on the Cavium audit.
- Plaintiff felt generally "pressured" in signing off on the Harmonic SAD document by STIG HAARVARDTUN. Witnesses could include all Defendants' employees who knew about Plaintiff's complaints with respect to the Harmonic audits, employees at Harmonic, and other Senior Managers or Managers working on the Harmonic audits.
- Plaintiff felt generally "pressured" in signing off on Gigamon Q1 engagement completion checklist. Plaintiff felt generally pressured by ERGUN GENC. Witnesses could include all Defendants' employees who knew about Plaintiff's complaints with respect to the Gigamon engagement, employees at Gigamon, and other Senior Managers or Managers working on the Gigamon audits.

Date:   January 4, 2019
        New York, New York

            Respectfully Submitted,

            **DEREK SMITH LAW GROUP, PLLC**

            */s/ Alexander G. Cabeceiras*
            Alexander G. Cabeceiras, Esq.
            One Penn Plaza, Suite 4905
            New York, New York 10119

**CERTIFICATION**

I hereby certify that the foregoing Responses are true. I further certify that if any of the foregoing Responses are willfully false, I am subject to punishment.

By: _____
     Mauro Botta

Date: 01/03/19