# DX1694

```
 1              IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF CALIFORNIA
 2                    SAN FRANCISCO DIVISION

 3   MAURO BOTTA,

 4        Plaintiff,

 5
          -vs-                          No. 3:18-cv-02615-JCS
 6
     PRICEWATERHOUSECOOPERS, LLC,
 7   LAURA BUSTAMANTE, TYE
     THORSON, ROBERT HEATLEY,
 8   STIG HAAVARDTUN, ERGUN GENC,
     TIMOTHY CAREY, AND STEVE
 9   MCCANN,

10        Defendants.
                                       /
11   _____/

12
             VIDEOTAPED DEPOSITION OF ED SARRETT, M.A.
13
                          CONFIDENTIAL
14

15
     DATE:              Monday, February 11, 2019
16
     TIME:              8:59 a.m.
17
     LOCATION:          Pulone Reporting Services
18                      1550 The Alameda
                        San Jose, CA 95126
19
     REPORTED BY:       Nina Pavone, CSR
20                      License Number 7802

21

22

23

24

25
```

```
 1                A P P E A R A N C E S:

 2
    FOR THE PLAINTIFF:
 3
         DEREK SMITH LAW GROUP, PLLC
 4       BY: ALEXANDER G. CABECEIRAS,
             ATTORNEY AT LAW
 5       One Penn Plaza, Suite 4905
         New York, NY  10119
 6       (212) 587-4169
         alex@dereksmithlaw.com
 7       (Via telephone)


 8  FOR THE DEFENDANTS:

 9       HUESTON HENNIGAN, LLP
         BY: YEGOR FURSEVICH,
10           ATTORNEY AT LAW
         523 W. Sixth Street, Suite 400
11       Los Angeles, CA  90014
         (213) 788-4340
12       yfursevich@hueston.com


13
    FOR THE WITNESS:
14
         CTSC LAW
15       BY: PETER M. CALLAHAN,
             ATTORNEY AT LAW
16       2601 Main Street, Suite 800
         Irvine, CA  92614
17       (949) 261-2872
         pcallahan@ctsclaw.com
18


19  THE VIDEOGRAPHER:

20       Frank Quirarte


21
                        --o0o--
22


23


24


25
```

```
 1                I N D E X   O F   E X A M I N A T I O N S

 2                                                              PAGE

 3    EXAMINATION BY MR. FURSEVICH                                 5

 4


 5
                     I N D E X   O F   E X H I B I T S
 6


 7
      NUMBER              DESCRIPTION                           PAGE
 8
      Exhibit 1     Records Release Form                          8
 9                  Authorization To Testify Waiver
                    of Privileges (Including But Not
10                  Limited To
                    Psychotherapist-Patient
11                  Privilege)

12    Exhibit 2     Case Conceptualization for:                  15
                    Mauro Botta
13
      Exhibit 3     Notes in re Mauro Botta                      23
14
      Exhibit 4     Subpoena to Produce Documents,               35
15                  Information, or Objects or to
                    Permit Inspection of Premises in
16                  a Civil Action

17

18

19

20

21

22

23

24

25
```

```
09:23    1              Do you see that?
09:23    2         A. I do.
09:23    3         Q. Your overall conclusion regarding Mr. Botta
09:23    4    is that he's functioning well under the
09:23    5    circumstances, correct?
09:23    6         A. Correct.
09:24    7         Q. And if you -- actually, we'll be done with
09:24    8    this document.  You can put this to the side, please.
09:24    9              MR. FURSEVICH:  Let me introduce Exhibit 3.
09:24   10              (Whereupon, Exhibit 3 was marked for
09:24   11    identification.)
09:24   12              MR. CALLAHAN:  Thank you.
09:24   13              MR. FURSEVICH:  You're welcome.
09:24   14    BY MR. FURSEVICH:
09:24   15         Q. All right.
09:25   16              Exhibit 3 begins with a Bates stamp 06.
09:25   17              Do you recognize this document?
09:25   18         A. I do.
09:25   19         Q. And what is it?
09:25   20         A. They're my session notes, my case notes.
09:25   21         Q. Okay.
09:25   22              Do they represent a complete and accurate
09:25   23    summary of your therapy session notes with Mr. Botta?
09:25   24         A. They do.
09:25   25         Q. Okay.
```

| | | |
|---|---|---|
| 09:27 | 1 | that right? |
| 09:27 | 2 | A. Correct. |
| 09:27 | 3 | Q. And objective are your own objective |
| 09:27 | 4 | perceptions -- |
| 09:27 | 5 | A. Correct. |
| 09:27 | 6 | Q. -- of the patients?  Okay. |
| 09:27 | 7 | And assessment represents your professional |
| 09:27 | 8 | assessment; is that correct? |
| 09:27 | 9 | A. Correct. |
| 09:27 | 10 | Q. And intervention -- actually, maybe you could |
| 09:27 | 11 | help me out with what exactly does intervention mean? |
| 09:27 | 12 | A. An intervention would be something I say to |
| 09:27 | 13 | the client in response to a feeling I have about what |
| 09:28 | 14 | he is saying. |
| 09:28 | 15 | Q. Okay. |
| 09:28 | 16 | And response is the client's response to the |
| 09:28 | 17 | intervention? |
| 09:28 | 18 | A. Correct. |
| 09:28 | 19 | Q. All right. |
| 09:28 | 20 | And a plan is self-explanatory. |
| 09:28 | 21 | So February 28, 2018, under A, assessment, |
| 09:28 | 22 | you write "Doesn't meet criteria for GAD or Major |
| 09:28 | 23 | Depression but does feel anxious and depressed." |
| 09:28 | 24 | Could you please describe GAD? |
| 09:28 | 25 | A. General anxiety disorder. |

```
09:28    1         Q. Okay.
09:28    2            So you've concluded that Mr. Botta does not
09:28    3    suffer from a generalized anxiety disorder or major
09:28    4    depression; is that right?
09:29    5         A. Correct.
09:29    6         Q. You've not referred Mr. Botta to a
09:29    7    psychiatrist, correct?
09:29    8         A. I have not.
09:29    9         Q. You've not referred him to a psychologist,
09:29   10    right?
09:29   11         A. No.
09:29   12         Q. Or any other health professional, correct?
09:29   13         A. Correct.
09:29   14         Q. Let me direct your attention to the very
09:29   15    first entry you made on September 20, 2017, very
09:29   16    beginning of this document.
09:29   17            So the penultimate sentence, second to last
09:30   18    sentence in this very first paragraph says "Very
09:30   19    heightened sense of right and wrong, adheres very
09:30   20    strictly to his value system."
09:30   21            Do you see that?
09:30   22         A. I do.
09:30   23         Q. So Mr. Botta exhibited a very heightened
09:30   24    sense of right and wrong and he exhibited a very
09:30   25    strict adherence to his value system, correct?
```

```
09:30    1         A. Correct.
09:30    2         Q. Go back to page -- turn to page 10, please.
09:30    3     I'd like to direct your attention to your note
09:30    4     summaries of the session on January 24th, 2018.
09:30    5             In the first paragraph you write "Showed me
09:30    6     personality evaluation, reported that he felt it was
09:30    7     pretty accurate about him, wanted to know what I
09:30    8     thought.  I agreed."
09:30    9             What was this personality evaluation that
09:31   10     Mr. Botta showed you; do you remember?
09:31   11         A. I remember him showing it to me.  I don't
09:31   12     remember the name of it.  I know some workplaces have
09:31   13     employees take personality inventories, like the
09:31   14     Myers-Briggs or something like that.  I don't
09:31   15     remember what the name of his one that he showed me,
09:31   16     but he showed it to me and he wanted my opinion.  So
09:31   17     I read it.
09:31   18         Q. Okay.
09:31   19             Was it -- was it your understanding that it
09:31   20     was a document from the -- that Mr. Botta obtained
09:31   21     from his work?
09:31   22         A. Yes.
09:31   23         Q. Do you remember what this personality
09:31   24     evaluation stated?
09:31   25         A. Not very well.  It's been a while.
```

```
 1            I, NINA PAVONE, a Certified Shorthand
 2   Reporter, hereby certify that the witness in the
 3   foregoing deposition was by me duly sworn to tell the
 4   truth, the whole truth, and nothing but the truth in
 5   the within-entitled cause;
 6   That said deposition was taken down in shorthand by
 7   me, a disinterested person, at the time and place
 8   therein stated, and was hereafter transcribed, by
 9   computer, into typewriting, under my direction and
10   supervision;
11            That before completion of the deposition
12   review of the transcript ( x) was requested ( ) was
13   not requested.  If requested, any changes made by the
14   deponent (and provided to the reporter) are appended
15   hereto.
16            I further certify that I am not of counsel,
17   nor attorney for any of the parties in the foregoing
18   deposition and caption named, nor in any way
19   interested in the outcome of the cause named in said
20   caption, and that I am not related to any of the
21   parties hereto.
22
23   DATE:February 26, 2019
24            _____
25            NINA PAVONE, CSR #7802
```