UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURO BOTTA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>　　　　Defendant. | Case No. 18-cv-02615-AGT<br><br>**ORDER RE: REMOTE BENCH TRIAL PROCEDURES** |

## I.  TRIAL SCHEDULE

A.  <u>Trial Dates and Time</u>

　　1. Nine days have been reserved for trial (February 22–25, March 1–4, March 8, 2021).

　　2. Proceedings will begin at 8:30 a.m. and end at 1:30 p.m.  There will be two fifteen-minute breaks, but no additional lunch break.

　　3. Post-trial briefs are due on April 5, 2021.  Closing arguments will be heard on April 13, 2021, at 10:00 a.m.

B.  <u>Trial Clock</u>

　　1. Each side will have a total of twenty hours during which to examine witnesses and to give opening statements.  The side examining a witness (whether on direct, cross, or redirect) will be on the clock.

　　2. Additional time will not be provided for a rebuttal case, but the plaintiff may reserve a portion of his time for rebuttal.

　　3. Time spent on closing arguments will not be counted towards the twenty-hour limits.  At a later date, the Court may set separate time limits for closing arguments.

　　4. The Court does not intend to count time spent on sidebar conferences towards either side's trial time, but it may modify this approach if there is good cause to do so.

## II. REMOTE PROCEEDINGS

A. <u>Platform</u>

1. Trial will be held through a Zoom webinar. The webinar can be accessed by clicking on the link below, or by opening Zoom in a web browser and entering the credentials listed below.

https://cand-uscourts.zoomgov.com/j/1607320709?pwd=aFE4TjJvUXFGSFFab1ltUUVIY2ZtQT09
Webinar ID: 160 732 0709
Password: 689600

2. The Court uses this account for other public hearings, so it should be used only during trial or with the Court's consent.

B. <u>Setup</u>

1. Counsel is responsible for ensuring that the witnesses they call are familiar with Zoom and have the equipment they need to participate in the trial without undue delays (e.g., microphones, webcams, headphones, multiple monitors).

2. Within Zoom, case participants must list their full first and last names.

3. Trial counsel, witnesses, Mr. Botta, and a corporate representative for the defendant may be classified as "participants" on Zoom. All other observers, with the exception of Judge Tse and certain court staff, will be classified as "attendees." Attendees will be able to see and hear the proceedings but won't be able to participate.

4. When counsel or a witness is speaking, his or her face must be clearly visible. To the extent possible, video cameras should be positioned at face level relatively close to the speaker.

5. To avoid audio feedback, counsel and their witnesses should plan to be located in different physical rooms during trial.

6. Counsel may wish to conduct test sessions with their witnesses to ensure that they know how to use Zoom, have stable internet connections, have clear video and audio, and are familiar with the process for viewing exhibits. If the Court's assistance is needed, counsel should contact Stephen Ybarra, Judge Tse's courtroom deputy, at agtcrd@cand.uscourts.gov.

C. <u>Troubleshooting</u>

1. The parties may retain a third-party service provider to support and troubleshoot the Zoom platform during trial. The Court will not retain or provide any remote video support

provider.

2. If counsel or a witness is disconnected from Zoom, or experiences some other technical failure, he or she must use best efforts to promptly reestablish the connection.  If a witness needs to communicate with a third party to resolve a technical issue, the witness may do so but should not discuss the substance of the case.  If a connection cannot be reestablished within a reasonable time, the Court may take steps to pause the trial, at which time counsel must meet and confer to develop a joint proposal for how to proceed.

D. Sidebar Conferences

If a sidebar conference is necessary during trial, the Court intends to use a separate Zoom account and will circulate the credentials for that account before trial begins.

E. Recordings

Recording the trial, including screenshots or other visual or audio copying, is prohibited.

F. Shared-Screen Function

The Court will permit counsel to use Zoom's shared-screen function to display exhibits and demonstratives.

G. Chat Function

The Court will permit counsel to use Zoom's chat function to share documents to be used for impeachment purposes if those documents have not been marked as exhibits.  Counsel and the parties may not use the chat function to communicate with witnesses.  Documents transmitted through chat messages will be made part of the court record, but the text of the messages will not be.  If counsel transmits a document through the chat function, counsel must state so and identify the document for the record.

H. Decorum

Counsel, witnesses, and the parties should wear appropriate attire, avoid consuming food during the proceedings, and use best efforts to eliminate visual and auditory distractions.

I. Time Zones

If witnesses are located in materially different time zones, the Court is amenable to modifying the hours set for trial to accommodate them if adequate advance notice is given.

### III. WITNESSES

A. <u>Joining the Hearing</u>

Witnesses must not log on to Zoom using the Court-provided credentials until notified by counsel that it is their turn to testify. When a witness's examination concludes, the witness must disconnect from Zoom. Counsel must then ensure that the next witness promptly logs on.

B. <u>Witness Admonition</u>

Before a witness testifies, preferably twenty-four hours or more in advance, counsel for the party who plans to call the witness must ensure that the witness has reviewed the admonition provided as an appendix to this order.

C. <u>Witness Notes</u>

If a witness will have any notes or other documents in front of him or her while testifying, counsel must, at least twenty-four hours before the witness is called to testify, provide opposing counsel with copies of these notes or other documents. On cross examination, opposing counsel may examine the witness about the contents and use of these materials.

D. <u>Objections</u>

Witnesses must stop speaking when counsel objects. After an objection is made, Judge Tse will be the first to speak and will instruct counsel how he wishes to proceed.

### IV. EXHIBITS

A. <u>Protocol for Use at Trial</u>

The parties stipulated to an exhibit-sharing protocol, which the Court approved. *See* ECF No. 171.

B. <u>Electronic Copies for the Court</u>

At least five days before trial, counsel must (i) upload a single set of all trial exhibits to a shared document repository and (ii) provide the Court with access to the repository. Each exhibit should be accessible as an individual document and should be labeled by its exhibit number and exhibit subject or file name. If use of a shared repository is not practicable, counsel must make other arrangements to provide Judge Tse, his law clerk, his courtroom deputy, and the court reporter with electronic copies of all exhibits.

C.  Paper Copies for the Court

Counsel must jointly prepare two sets of all trial exhibits. One set will be used as a chambers copy and the other will be kept as the official record and, if applicable, used on appeal. At least five days before trial, counsel must deposit both sets with the Court. Arrangements for delivery must be made in advance by contacting Stephen Ybarra, Judge Tse's courtroom deputy. The exhibits must be provided in three-ring binders, with each exhibit tagged, three-hole punched, and separated with a label divider identifying the exhibit number. The spine labels on the first set of binders must be marked "original." The spine labels on the second set of binders must be marked "chambers copy." For both sets, the spine labels must also indicate which exhibit numbers are contained in which binders.

D.  Impeachment Materials

If counsel wishes to use a document for impeachment purposes that was not previously disclosed as an exhibit, counsel must, during the witness's testimony, either upload the document to the shared repository, share the document through the Zoom chat function, or email a copy to the Court, opposing counsel, and the witness.

E.  Witness Copies

The attorney offering a witness is responsible for ensuring that the witness has access to the exhibits that will be presented during the witness's testimony.

**IT IS SO ORDERED.**

Dated: February 18, 2021

ALEX G. TSE
United States Magistrate Judge

**APPENDIX – WITNESS ADMONITION**

To uphold the integrity of the remote bench trial in *Botta v. PricewaterhouseCoopers LLP*, No. 18-cv-02615-AGT (N.D. Cal.), each person who will be called as a witness must read the following directives and be prepared to testify under oath that he or she understands them and will abide by them.

1. All witness testimony will be recorded.
2. No one may be present in the room where the witness is testifying unless authorized by the Court.
3. The witness will not communicate, directly or indirectly, with anyone other than the questioning attorney and the judge during the examination.
4. The witness will close all computer applications, webpages, and files on his or her computer, other than the Zoom platform and, if relevant, an exhibit-sharing application.
5. The witness will not access any emails, text messages, or chat applications while testifying unless authorized to do so by the Court.
6. The witness will not view or access any document or file other than the exhibits offered during his or her testimony.
7. The witness will not view any exhibit other than an exhibit that the questioning attorney asks the witness to view, unless the witness informs all parties and the Court what he or she is viewing.
8. The witness will not have access to any notes, annotations, examination outlines, or other documents to refresh his or her recollection, except those presented to the witness during examination, unless the witness (a) identifies under oath that he or she is refreshing his or her recollection with such documents during the examination and (b) provides the Court and opposing counsel with access to the documents.
9. No person will pass notes to or have any communication with the witness or make any gestures to coach the witness while he or she is testifying.