ALEXANDER G. CABECEIRAS, ESQ.
**DEREK SMITH LAW GROUP, PLLC**
One Penn Plaza, Suite 4905
New York, New York 10119
Phone: (212) 587-0760
Fax: (212) 587-4169
alexc@dereksmithlaw.com
*Pro Hac Vice*

INGRID M. EVANS, ESQ. (SBN 179094)
**EVANS LAW FIRM, INC.**
3053 Fillmore Street #236
San Francisco, CA 94123
Phone: (415) 441-8669
Fax: (888) 891-4906
Ingrid@evanslaw.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MAURO BOTTA,<br><br>  Plaintiff,<br><br>vs.<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>  Defendant. | Case No. 3:18-cv-02615-AGT<br><br>**PLAINTIFF'S BRIEF ON QUESTIONS FROM THE COURT REGARDING DISCOVERY**<br><br>Trial Date: February 22, 2021<br>Time: 8:30AM<br>Courtroom: Courtroom A, 15th Floor, United States District Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102<br>Judge: The Hon. Alex G. Tse |

## I. QUESTIONS PRESENTED

1. Why was the issue of attorney-client waiver not fully exhausted pre-trial?

2. Whether Mauro Botta may testify as to counsel's questions and statements and his own responses and statements made during interviews of him by PwC's inhouse and outside counsel.

## II. LEGAL ARGUMENTS
### A. WHY THE ISSUE OF ATTORNEY-CLIENT WAIVER WAS NOT FULLY EXHAUSTED PRE-TRIAL

Defendant's initial disclosure did not include Walter Brown. (See Exhibit A, initial disclosures sent August 23, 2018).

Moreover, Plaintiff propounded multiple discovery requests on the subject matter in which Brown was involved. Throughout discovery, Plaintiff sought relevant information relating to Mauro's termination. Plaintiff was met repeatedly with claims of attorney-client privilege.[1] Plaintiff, believing PwC had a good faith basis for this assertion, did not seek motions to compel.

Then, on December 19, 2018, roughly a month before the close of fact discovery, Defendant amended their initial discovery responses to include Walter Brown. (See Exhibit B, supplemental initial disclosures sent December 19, 2018). Non-expert discovery was cut off in this matter January 16, 2019 and dispositive motions were due January 31, 2019. (ECF Dkt. No 68).  By that time, Plaintiff had enough facts on the record to survive a motion for summary judgment.[2] Then, at summary judgment,

---

[1] By way of example, Plaintiff's Request for Document Production No. 98 sought: "Any and all documents or communications suggesting or mentioning that Plaintiff was terminated for "misconduct."
In response PwC Stated: "PwC objects to this Request to the extent it seeks confidential information and documents protected by the attorney-client privilege, the attorney work product doctrine, the right of privacy, or any other privilege or immunity available under the United States Constitution, the Constitution of the State of California, any federal or state statute, or common law. [Remaining objection omitted]."

[2] Plaintiff did not take the deposition of Mr. Brown or request more time to, because, among other reasons, Plaintiff need only show that PwC *suspected* Mauro's protected activity. (18 U.S.C. § 1514A; 29 C.F.R. § 1980.104). The facts that Mauro was the only PwC employee to raise concerns about Cavium's internal controls, he was interrogated twice, these interrogations were in direct relation to his whistleblowing activities, and that he was terminated as a result of these interrogations, was enough to articulate that a disputed fact exists as to whether Mauro's protected activity was a

EVANS LAW FIRM, INC.

Defendant submitted a declaration from Walter Brown. *See Handgards, Inc. v. Johnson & Johnson*, 413 F. Supp. 926, 929 (N.D. Cal. 1976) (The deliberate injection of the advice of counsel into a case waives the attorney-client privilege as to communications and documents relating to the advice).

Consequently, Plaintiff requested a re-opening of discovery based on the use of attorney communication but Judge Seeborg dismissed this request as moot. (ECF Dkt. No. 107).

Following summary judgment, the parties postponed the trial date. (ECF Dkt. No. 111). Subsequently, the pandemic delayed trial once again. (*See Generally, Id.,* No. 125, 128)**.**

Prior to the beginning of trial Defendant had waived their privilege with respect to communications to Attorney Brown because they submitted his declaration with respect to these matters at the summary judgment stage. *Handgards, Inc. v. Johnson & Johnson*, 413 F. Supp. 926, 929 (N.D. Cal. 1976). (*In re Grand Jury Proceedings*, 219 F.3d 175, 182–83 (2d Cir. 2000) (We have stated […] that fairness considerations arise when the party attempts to use the privilege both as 'a shield and a sword.' In other words, a party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party); *Transamerica Title Ins. Co. v. Superior Court*, 188 Cal. App. 3d 1047, 1053, 233 Cal. Rptr. 825, 829 (Ct. App. 1987)

Therefore, because Defendant had waived their assertions of the attorney-client privilege, under the case law, Plaintiff's counsel determined there was no reason to bring this issue before the Court. [3]

---

contributing factor to his termination. Thus, any depositions of Walter Brown were not completely necessary during discovery.

[3] This is not to say Plaintiff's counsel *should* not have brought this to Your Honor's attention earlier. At our very first hearing, Plaintiff should have raised the issue relating to attorney-client waiver. Plaintiff's counsel apologizes to this Court for not bringing this matter to Your Honor's attention sooner.

In its brief submitted on February 25, 2021 (Dkt. No. 185) Plaintiff has outlined the reasons why the subject matter and questions and answers given during Brown's interviews of Mauro are not privileged.

### B.  COMMUNICATIONS BY PWC IN-HOUSE COUNSEL OR OUTSIDE COUNSEL WITH MAURO ARE NOT COVERED BY THE ATTORNEY-CLIENT PRIVILEGE BECAUSE MAURO IS A FORMER EMPLOYEE OF PWC AND MAY TESTIFY AS TO COUNSEL'S INTERVIEWS OF HIM

Mauro has the right to testify as a former employee of PwC as to *any* matters that arose during PwC's inhouse counsel's and outside counsel's interviews of him.  *Continental Ins. Co. v. Superior Court,* 32 Cal.App.4th 94 (1995).  In Continental, the Appellate Court specifically ruled that it was an abuse of discretion for the trial court to refuse to allow a former employee to testify on the grounds that their testimony was still privileged because their former employer considered the matters privileged.  That is not how the privilege works as the Appellate Court made clear:

> *The corporation cannot bring former employees back into the fold for purposes of a lawsuit merely because there is a risk that the former employees might disclose unfavorable facts.  The attorney-client privilege 'only protects disclosure of communications; it does not protect disclosure of underlying facts by those who communicated with the attorney.*

*Continental, supra*, 32 Cal.App.4th at 117.  Mauro's communications with his own counsel are just the type of former employee communications that Continental encourages in order to discover the truth of what may have occurred in a case.   Specifically, the court recognized the utility of former employee *ex parte* contacts: "[W]here many corporate employees potentially possess knowledge relevant to a claim against the corporation, ex parte communication would permit identification of those employees actually possessing such knowledge and would reduce the need for expensive and unnecessary formal depositions. ***Ex parte communication with willing lower-echelon employees also may guide counsel to other sources of information relevant to her client's claim against the corporation and would permit counsel to ascertain the employee's value as a witness for either side***. Finally, ex parte communication would permit the attorney to prepare corporate employees who are to serve as friendly witnesses at trial." *Continental Ins.,* 32 Cal. App. 4th at 121 (*quoting* Stephen M. Sinaiko, Note, *Ex Parte Communication and the Corporate Adversary: A New Approach,* 66 N.Y.U. L. Rev. 1456

(1991)). California courts have long recognized that former employees may reach out to counsel and discuss matters related to their former employer. *Bobele v. Superior Court*, 199 Cal. App. 3d 708 (1988), *Nalian Truck Lines, Inc. v. Nakano Warehouse & Transp. Corp.*, 6 Cal. App. 4th 1256, 1262 (1992), Under *Continental*, a former employer can **only** preclude a former employee's testimony of what transpired in any interviews by means of a protective order. *Continental Ins. Co*., 32 Cal.App.4th at 119.  PwC has not done that.

The Northern District of California applies the *Continental* holding with respect to issues of attorney client privilege as it relates to former employees, and holds, as *Continental* did, that the privilege does not apply to former employees who are free to testify as to communications with their employer's counsel. *EXDS, Inc. v. Devcon Construction, Inc*., 2005 U.S. Dist. LEXIS 47032 (N.D. Cal. Aug. 24, 2005).  In *EXDS*, the Northern District held that a former employee could communicate with plaintiff's counsel even after she had been asked by her former employer if she were willing to speak with her former employer's counsel.  Id. at *10.  The Court found that the attorney client privilege had been waived with respect to the former employee and that there was nothing improper regarding her communications.  If the employer had wanted the former employee's communications to be prohibited, the Court noted that it was "incumbent on the former employer to seek a protective order it is concerned that a former employee might disclose privileged information." Id at *11 *quoting Continental Ins. Co*., 32 Cal.App.4th at 119.  PwC has not sought a protective order here.  Mauro is free to communicate regarding the subject matter of his interviews.

**III. CONCLUSION**

Plaintiff's counsel does apologize for burdening the Court with this issue during trial. We thank Your Honor for your consideration on this objection.

Dated: February 26, 2021

By: *Alex Cabeceiras*

Alexander G. Cabeceiras, Esq.
**DEREK SMITH LAW GROUP, PLLC**
*PRO HACE VICE TO BE SUBMITTED*

*alexc@dereksmithlaw.com*
1 Penn Plaza, Suite 4905
New York, New York 10119
Phone: (212) 587-0760

Ingrid M. Evans, Esq. (SBN 179094)
**EVANS LAW FIRM, INC.**
3053 Fillmore Street #236
San Francisco, CA 94123
Phone: (415) 441-8669

*Attorneys for Plaintiff*