JOHN C. HUESTON
D: 949 226 6740
T: 949 229 8640
F: 888 775 0898

jhueston@hueston.com

620 Newport Center Drive
Suite 1300
Newport Beach, CA 92660

# HUESTON HENNIGAN LLP

March 1, 2021

The Hon. Alex G. Tse

United States District Court, Northern District of California
San Francisco Courthouse, Courtroom A – 15th Floor
450 Golden Gate Avenue

San Francisco, CA 94102

Re:   <u>Botta v. PricewaterhouseCoopers LLP, Case No. 3:18-cv-02615</u>

Your Honor:

Defendant PricewaterhouseCoopers LLP ("PwC") respectfully submits this letter brief regarding Mayank Gupta's trial testimony and potential invocation of the Fifth Amendment. Although PwC does not request an order prohibiting Mr. Gupta from testifying at trial, PwC reserves its right to strike Mr. Gupta's testimony if he selectively invokes the Fifth Amendment.

Mr. Gupta worked as a senior associate and then manager at PwC from 2012 until his resignation on November 1, 2016. Following his resignation, the U.S. Securities and Exchange Commission ("SEC") filed a complaint against Mr. Gupta for insider trading. The SEC alleged that Mr. Gupta had traded inside information regarding an acquisition by Cavium, Inc. that Mr. Gupta had obtained while working at PwC. The SEC filed its complaint against Mr. Gupta on September 12, 2017, *see* Complaint, *SEC v. Gupta, et al.*, No. 17-cv-05274 (N.D. Cal. Sept. 12, 2017) (Dkt. No. 1), and Mr. Gupta settled with the SEC the same day, *see* Final Judgment As To Defendant Gupta, *SEC v. Gupta, et al.*, No. 17-cv-05274 (N.D. Cal. Sept. 12, 2017) (Dkt. No. 3).

Counsel for Plaintiff Mauro Botta apparently intends to elicit testimony from Mr. Gupta about PwC's audits of Cavium, including Mr. Botta's alleged complaints and PwC's work. At the same time, however, Mr. Gupta has reserved his right to invoke the Fifth Amendment over other questions relating to Cavium—specifically, his alleged insider trading.

It is well established that Mr. Gupta—and Plaintiff's counsel—cannot use the Fifth Amendment as "both a sword and shield." *See United States v. Parcels of Land*, 903 F.2d 36, 43 (1st Cir. 1990). When a witness violates this rule, the appropriate remedy is to strike their testimony. *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 642 (9th Cir. 2012) (striking selective waiver in civil case where the claim of Fifth Amendment privilege would "furnish one side with what may be false evidence and deprive the other of any means of detecting the imposition"); *see also Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1464 (5th Cir. 1992) (commenting on the trial court's "wide discretion"). "The power to strike is grounded in the principle that once a witness testifies, she may not invoke the fifth amendment privilege so as to shield that testimony from scrutiny. To allow her to do so would constitute a positive invitation to mutilate the truth." *United States v. Parcels of Land*, 903 F.2d 36, 43 (1st Cir. 1990).

# HUESTON HENNIGAN LLP

      The Court may strike a witness's testimony "if invocation of the privilege blocks inquiry into matters which are 'direct' and are not merely 'collateral' to the proceeding." *$133,420.00 in U.S. Currency*, 672 F.3d at 641. Here, in so far as Mr. Gupta may testify about certain issues concerning his actions on the Cavium audits, he may refuse to answer other questions concerning that very same topic. *See id.* Mr. Gupta's selective invocation would unduly restrict PwC from a complete cross-examination, including questions to establish Mr. Gupta's bias. *See U.S. ex rel. Ashford v. Dir., Illinois Dep't of Corr.*, 871 F.2d 680, 685 (7th Cir. 1989) ("We accept [the non-offering party]'s premise that this testimony could have established bias and the trial court, consequently, had limited discretion to exclude it.").

      In short, Mr. Gupta's selective invocation would deprive PwC the opportunity to impeach his testimony and threaten this Court's truth-seeking function. For these reasons, if Mr. Gupta selectively invokes the Fifth Amendment at trial, PwC reserves its right to strike Mr. Gupta's testimony.

Respectfully submitted,

John C. Hueston

JCH


cc:    Alex Cabeceiras
        Ingrid Evans