INGRID M. EVANS, ESQ. (SBN 179094)
**EVANS LAW FIRM, INC.**
3053 Fillmore Street #236
San Francisco, CA 94123
Phone: (415) 441-8669
Fax: (888) 891-4906
Ingrid@evanslaw.com

ALEXANDER G. CABECEIRAS, ESQ.
**DEREK SMITH LAW GROUP, PLLC**
One Penn Plaza, Suite 4905
New York, New York 10119
Phone: (212) 587-0760
Fax: (212) 587-4169
alexc@dereksmithlaw.com
*Pro Hac Vice*

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| MAURO BOTTA,<br><br>Plaintiff,<br><br>vs.<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>Defendant. | Case No. 3:18-cv-02615-AGT<br><br>**PLAINTIFF MAURO BOTTA'S SUPPLEMENTAL BRIEF RE RULES AND REGULATIONS VIOLATED**<br><br>Trial Date: February 22, 2021<br>Time: 8:30AM<br>Courtroom: Courtroom A, 15th Floor, United States District Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102<br>Judge: The Hon. Alex G. Tse |

Plaintiff presented evidence at trial of his reasonable belief that PwC violated the standards, rules and regulations listed below. **However, Plaintiff is not required to cite specific code sections violated in order to show that he engaged in a protected activity.** ***Van Arsdale v. Int'l Game Technology*, 577**

1

**F.3d 989, 997 (9th Cir. 2009),** *citing with approval Welch v. Chao*, **536 F.3d 269, 276 (4th Cir. 2008)("[a]n employee need not cite a code section he believes was violated" to trigger the protections of § 1514A)** *Erhart v. BofI Holding, Inc.*, **269 F. Supp. 3d 1059, 1072 (S.D. Cal. 2017) ("[t]he plaintiff, therefore, 'can have an objectively reasonable belief of a violation' even if the plaintiff 'fails to allege, prove, or approximate specific elements of fraud, which would be required under a fraud claim against the defrauder directly'').**

    1. **PCAOB Rule 3520 "Auditor Independence," PCAOB Auditing Standard 1005 "Independence," SEC Regulation S-X 17; 17 CFR § 210.2-01** ("Section 210.2-01 is designed to ensure that auditors are qualified and independent of their audit clients both in fact and in appearance.")

    2. **The PCAOB issues auditing standards** and oversees the quality of public company audits conducted by firms such as Defendant. (Testimony of Mauro Botta: Vol. 1, 103:12-16) ("Q.: What is the Public Company Accounting Oversight Board?  A:  It is the government agency's part of the SEC that is in charge of issuing auditing standards and, also, to oversee the quality of the audit firms…").

    3. **Audit Standard No. 5 and Severity of Deficiencies.**  As Defendant's expert Jason Flemmons testified, "that section relates to -  it advises auditors when evaluating the severity of a material weakness…to…evaluate whether the deficiency… presents a reasonable assurance that the internal controls would not detect a material misstatement and whether the control structure would satisfy a prudent official in that regard."  Flemmons Expert Testimony, Vol. 8, 1400:9-14.

    4. **Audit Standard No. 5 Requires Disclosure of Material Weaknesses.**  *See* Flemmons Testimony: Vol. 8, 1400:16-19 ("Q: If a material weakness is found, it needs to be put in the company's public records like the 10-K, correct?  A:  The finding of a material weakness does require disclosure.")

    5. **Audit Standard No. 5 Requires Auditors Required To Issue Adverse Opinion.**  If a material weakness is discovered in the course of an audit, the auditor is required to issue an adverse

2

opinion. See Flemmons Testimony: Vol. 8, 1401:1-2 ("[A]uditors would also be required to issue an adverse opinion on the effectiveness of a company's internal controls" if a material weakness was discovered.

6. **Auditor Independence Required By PCAOB and SEC (ISA Auditing Standard 220 and PCAOB Rule 2520 Auditor Independence).** Defendant's expert Jason Flemmons testified that auditor independence is required by the rules and regulations of the SEC and PCAOB. Vol. 8, 1394:1-4 ("Q: And, in fact, [independence is] required in the PCAOB standards, correct? A: Yes, that's one place where there are standards. There are also SEC regulations to that – to that topic."); Vol. 8, 1394:20 (Defendant's expert testimony that maintaining independence is "certainly" a priority). According to Defendant's expert, the independent judgment of an auditor is "a central part of what an auditor does throughout an audit." Vol. 8, 1394:25-1395:1

7. **Tye Thorson testified that auditor independence was required**. Vol. 6, 1122:4-6 (Thorson testimony: "Q. And you agree PwC's job is to remain independent of the companies they are auditing, right? A.: Absolutely.").

8. **Mauro was aware that auditor independence was required.** Vol.2, 297:1-9 ("Q: And that Belief based off your years of experience as an auditor A. I think it's based on my experience and my understanding of what auditor role and relationship should be.")

9. **Mauro's belief that Defendant violated these standards and regulations of independence was reasonable** given that he had personally been removed from two audits, at the client's request, after raising concerns. (Vol. 2, 293:9-10 (removed from Cavium engagement); 2, 294:15-17(told he "was being rolled off at the CFO request"); Vol. 2, 295:17-19 (Thorson told Cavium Mauro "wanted to give them a material weakness"); Vol. 2, 293:11-13 ("I was kicked out after the first quarter of 2015, the first quarterly review."); Vol. 2, 296:21-25 ("Q: What ethical obligations did PwC violate by removing you,

3

if any? A: I believe it was improper for letting a company determine who should be on the audit teams that audits them. To me, it does not seem very independent."); Vol. 2, 332:15-16 ("I was kicked out immediately after year-end" on Harmonic engagement) Vol. 5, 827:7-9 ("Q.: Mr. Botta, sitting here today do you feel that PwC violated its independence obligations?  A.:  Yes.").

Date: April 5, 2021

By: *Alex Cabeceiras*

Alexander G. Cabeceiras, Esq.
**DEREK SMITH LAW GROUP, PLLC**
*PRO HACE VICE TO BE SUBMITTED*
*alexc@dereksmithlaw.com*
1 Penn Plaza, Suite 4905
New York, New York 10119
Phone: (212) 587-0760

Ingrid M. Evans, Esq. (SBN 179094)
**EVANS LAW FIRM, INC.**
3053 Fillmore Street #236
San Francisco, CA 94123
Phone: (415) 441-8669

*Attorneys for Plaintiff*